762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES HINTON, PETITIONER
v.
DIRECTOR OF WORKERS' COMPENSATION PROGRAMS, RESPONDENTS.
 NO. 84-3299
 United States Court of Appeals, Sixth Circuit.
 3/22/85
 
 ON PETITION FOR REVIEW OF A DECISION OF THE BENEFITS REVIEW BOARD
 Before: CONTIE, Circuit Judge; and PHILLIPS AND CELEBREZZE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 James Hinton petitions for review of a decision of the Benefits Review Board denying benefits under the Black Lung Benefits Act. The principal issue in this case is whether Hinton worked as a coal miner within the meaning of the Act. The Administrative Law Judge held that Hinton's work placed him within the statutory definition of a coal miner, but the Benefits Review Board reversed this decision. We affirm the decision of the Benefits Review Board.
 
 
 2
 The material facts of this case are not in dispute. Hinton was born in 1916 and has a fifth grade education. From 1933 to 1944, Hinton worked in a clay mine for the Kentucky Fire Brick Company. Harbison-Walker Refractories employed Hinton as a clay miner from 1947 to 1960. A coal seam ran through both clay mines. The width of the seams varied from six to fourteen inches. Part of Hinton's job was to separate the coal from the clay and remove it from the mine. Neither of Hinton's clay mine employers had any use for the coal. They generally regarded the coal as waste material and allowed employees to take the coal freely.
 
 The Act defines a coal miner as follows:
 
 3
 The term 'miner' means any individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment.
 
 
 4
 30 U.S.C. Sec. 902(d). The term 'coal mine' in turn, is also defined:
 
 
 5
 For purposes of subchapters II, III, and IV of this chapter, 'coal mine' means an area of land and all structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations and other property, real or personal, placed upon, under, or above the surface of such land by any person, used in, or to be used in, or resulting from, the work of extracting in such area bituminous coal, lignite, or anthracite from its natural deposits in the earth by any means or method, and the work of preparing the coal so extracted, and includes custom coal preparation facilities.
 
 
 6
 30 U.S.C. Sec. 802(h)(2). This circuit has characterized the statutory definition of a coal miner as having 'two elements; work in a coal mine, or 'situs,' and performing coal extraction or coal preparation work, a 'function' requirement.' Southard v. Director, Office of Workers' Compensation Programs, 732 F.2d 66, 69 (6th Cir. 1984) (citing Amigo Smokeless Coal Co. v. Director, Office of Workers' Compensation Programs, 642 F.2d 68 (4th Cir. 1981)).
 
 
 7
 In Montel v. Weinberger, 546 F.2d 679 (6th Cir. 1976) (per curiam), this court dealt with a case quite similar to the present one. The claimant in that case worked in a clay mine containing a four to eight inch seam of coal. Part of the claimant's work in the clay mine was to separate the coal from the clay. See id. at 680. The court held that the claimant was not a coal miner within the meaning of the Act:
 
 
 8
 We believe that for persons employed in a clay mine to qualify for black lung benefits, coal mining must constitute at least a substantial part of the activity and the exposure.
 
 
 9
 Id.
 
 
 10
 Hinton argues that coal mining did constitute a substantial part of his work and that he has therefore met the requirements of Montel. He also argues that the Benefits Review Board exceeded its scope of review in overturning the Administrative Law Judge's decision. As to the latter claim, although the Benefits Review Board does have a limited scope of review of factual matters, see Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251, 254 (6th Cir. 1983), the question involved in this case is not one of pure fact. The historical facts are not disputed; it is only the legal significance of those facts that is in issue.
 
 
 11
 The Board relied on the fact that Hinton's employers did not make any economic use of the coal, but simply discarded it. This view is consistent with the Third Circuit's holding in Wisor v. Director, Office of Workers' Compensation Programs, 748 F.2d 176 (3d Cir. 1984). We conclude that an employer's lack of economic interest in coal generated in clay mining is highly relevant in determining whether coal mining was a substantial part of a clay miner's work. See Wisor, 748 F.2d at 179. Considering all the facts in this case, including Hinton's employers' economic disinterest in coal, we hold that the Benefits Review Board correctly determined that coal mining was not a substantial part of Hinton's work activity and that, therefore, Hinton was not a coal miner within the meaning of the Act.
 
 
 12
 Accordingly, the decision of the Benefits Review Board is AFFIRMED.