772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RALPH ROSE, PETITIONER,
v.
BENEFITS REVIEW BOARD, ET AL., RESPONDENTS.
 NO. 84-3548
 United States Court of Appeals, Sixth Circuit.
 8/26/85
 
 Ben.Rev.Bd.
 REMANDED
 ON PETITION FOR REVIEW OF A DECISION OF THE BENEPITS REVIEW BOARD
 Before: JONES and CONTIE, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ralph Rose petitions for review of the decision of the U.S. Department of Labor Benefits Review Board affirming the decision of the administrative law judge that Rose did not have pneumoconiosis caused by his work in the nation's coal mines. Specifically, Rose contends that the Board and ALJ erred in finding that he did not have ten years of coal mine employment required to qualify him for the presumption of 30 U.S.C. Sec. 921(c)(1), the Federal Coal Mine Health and Sefety Act. For the reasons that follow, the case is remanded for proceedings consistent with this opinion.
 
 
 2
 On March 29, 1978, Rose applied for benefits alleging that he had been told by his 'doctor that I have coal dust on my lungs, my breathing has been impaired to where I get short of breathing if I do anything.' After Rose was denied benefits, he requested a hearing which was held on September 10, 1980.
 
 
 3
 Rose testified to seventeen years of coal mine experience. His first job was from 1938 to 1940, helping his father haul coal by unloading trucks of coal into basements. Rose worked for White Coal Co. in 1940-43, and hauled for his father again in 1946-47. Rose was self-employed from 1947 to 1950, worked for Acme Coal Co. delivering coal in 1950-51, and hauled coal for the Kentucky Fuel Co. in 1956-58. From 1958 to 1965, Rose was self-employed running a cutting machine in an underground mine 70 hours each week.
 
 
 4
 On March 26, 1981, the ALJ issued a decision denying Rose benefits and finding that he had been employed in the coal mines for less than the ten years needed to raise a presumption of disability. The ALJ found that Rose had worked the following years.
 
 
 5
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 
 6
 The ALJ found that Rose was a coal miner pursuant to 20 C.F.R. Sec. 725.202 with respect to his employment between 1947 and 1950, and 1959 and 1965. The ALJ found, however, that during the other seven and one-half credited years Rose worked as a truck driver and was, therefore, subjected to less coal dust exposure. Accordingly, the ALJ credited Rose with only 3-3/4 years, thereby making him ineligible for the 10-year presumption of 30 U.S.C. Sec. 921(c)(1). See also 20 C.F.R. Sec. 727.203(a).
 
 
 7
 The ALJ found that Rose loaded the coal at a 'coal mine' and that at those times he was a 'miner' as defined by the statute and was exposed to coal dust. The ALJ found:
 
 
 8
 I have found the Claimant to have hauled coal for seven and one-half years. There was no testimony as to what percentage of each day the claimant spent at the tipple. However, he did testify that he often made three or four trips to the tipple each day. (Tr. 26) The Claimant further testified that it took 'probably an hour and a half' to unload the coal and that loading it would be 'about the same time.' (Tr. 26-27) Making three or four trips to the tipple daily, this would account for somewhere between three and six hours loading at the tipple. The Claimant did not testify as to how many days he made three trips to the tipple and how many days he made four trips. He also was not specific as to how many hours a day he generally worked as a coal hauler. Giving the Claimant every benefit of the doubt, I find that he spent 50 percent of his time at the tipple. Over a course of seven and one-half years, 50 percent of his time amounts to three and three quarters years.
 
 
 9
 The ALJ further found that without the benefit of the presumption, Rose had failed to establish total disability due to pneumoconiosis. Rose appealed and on May 16, 1984, the Benefits Review Board affirmed the decision of the ALJ. The Board found the ALJ's decision supported by substantial evidence; however, the Board found that the ALJ erred in giving Rose half-credit for the 7-1/2 years of coal hauling. The Board held that Rose was entitled to no credit for those years, but found that the ALJ's error was harmless since the ALJ's ruling denied Rose the statutory presumption. Specifically, the Board held:
 
 
 10
 The administrative law judge, in considering claimant's employment as a coal truck driver, counted only the time that claimant actually spent at the tipple as coal mine employment. This was error. The Board has held that coverage of coal transportation workers is contingent upon their work activities being an integral part of the coal production process. . . . In the instant case, claimant's employment as a truck driver consisted of loading his truck at the mine and delivering coal to the homes or buildings of private purchasers. Since claimant's employment as a coal truck driver entailed delivery of coal to private purchasers, no part of it was an integral part of the coal production process, and the administrative law judge erred in crediting any amount of this activity as coal mine employment.
 
 
 11
 Our review of the Board is limited to scrutiny for errors of law and for adherence to the statutory standard of review. Director, Officer of Workers' Compensation Program v. Rowe, 710 F.2d 251, 251 (6th Cir. 1983). 'The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole.' 33 U.S.C. Sec. 921(b)(3); Haywood v. Secretary of Health and Human Services, 699 F.2d 277, 285 (6th Cir. 1983). If the ALJ's decision is supported by substantial evidence, this court must affirm even if it would take a different view as the trier of fact. Moore v. Califano, 633 F.2d 727, 729 (6th Cir. 1980); Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).
 
 
 12
 Several statutes and regulations are relevant to our consideration of this case. 30 U.S.C. Sec. 902(d) provides:
 
 
 13
 The term 'miner' means any individual who works or has worked in or around a coal mine or coal preparation facility in the extration or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment.
 
 
 14
 (Emphasis added). See also 20 C.F.R. Sec. 725.101(26). More specifically, 20 C.F.R. Sec. 725.202(a) provides:
 
 
 15
 A 'miner' for the purposes of this part is any person who works or has worked in or around a coal mine or coal preparation facility in the extraction, preparation, or transportation of coal, and any person who works or has worked in coal mine construction or maintenance in or around a coal mine or coal preparation facility. A coal mine construction or transportation worker shall be considered a miner to the extent such individual is or was exposed to coal mine dust around a coal mine or coal preparation facility. In the case of an individual employed in coal transportation or coal mine construction, there shall be a rebuttable presumption that such in individual was exposed to coal mine dust during all periods of such employment occurring in or around a coal mine or coal preparation facility for puposes of:
 
 
 16
 (1) Determining whether such individual is or was a miner; (2) establishing the applicability of any of the presumptions described in section 411(c) of the Act and Part 718 of this subchapter; and (3) determining the identity of a coal mine operator liable for the payment of benefits in accordance with Sec. 725.493. The presumption may be rebutted by evidence which demonstrates:
 
 
 17
 (i) That the individual was not regularly exposed to coal mine dust during his or her employment in or around a coal mine or preparation facility; or (ii) that the individual [sic] was not regularly employed in or around a coal mine or coal preparation facility. An individual employed by a coal mine operator, regardless of the nature of such individual's employment, shall be considered a miner unless such individual was not employed in or around a coal mine or coal preparation facility.
 
 
 18
 (Emphasis added). Further, 30 U.S.C. Sec. 802(h)(2) provides that:
 
 
 19
 For purposes of subchapters II, III, and IV of this chapter, 'coal mine' means an area of land and all structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations, and other property, real or personal, placed upon, under, or above the surface of such land by any person, used in, or to be used in, or resulting from, the work of extracting in such area bituminous coal, lignite, or anthracite from its natural deposits in the earth by any means or method, and the work of preparing the coal so extracted, and includes custom coal preparation facilities;
 
 
 20
 See also 20 C.F.R. Sec. 725.101(23), (24). 30 U.S.C. Sec. 802(i) provides that:
 
 
 21
 'work of preparing the coal' means the breaking, crushing, sizing, cleaning, washing, drying, mixing, storing, and loading of bituminous coal, lignite, or anthracite, and such other work of preparing such coal as is usually done by the operator of the coal mine;
 
 
 22
 See 20 C.F.R. Sec. 725.101(25); Adelsberger v. Mathews, 543 F.2d 82, 84 (7th Cir. 1976).
 
 
 23
 'The statutory definition of a miner contains two elements; work in a coal mine, or 'situs,' and performing coal extraction or coal preparation work, a 'function' requirement.' Southard v. Director, 732 F.2d 66, 69 (6th Cir. 1984); Amigo Smokeless Coal Company v. Director, 642 F.2d 68, 70 (4th Cir. 1981); Wisor v. Director, 748 F.2d 176, 178 (3d Cir. 1984). 30 U.S.C. Sec. 902(d) incorporates coal transportation work as part of this function requirement. The statute, 30 U.S.C. Sec. 902(d), clearly provides that transportation of coal which takes place at the mine site is coal mine employment covered by the Act, and that such a worker is a coal miner. In fact, 20 C.F.R. Sec. 725.202(a) establishes a presumption that such a transportation worker is exposed to coal dust.
 
 
 24
 The problem in this case is that the record is deficient with respect to the amount of time spent by Rose at a site defind as a 'coal mine.' We find insufficient support in the record for the ALJ's determination that Rose spent half of his time in coal mine employment during all the years in dispute. Further, the record is insufficient with respect to the ALJ's conclusion that Rose was engaged in coal mine employment for only two years between 1959 and 1965. In light of these deficiencies, we remand the case for further fact findings on these issues.
 
 
 25
 Accordingly, the case is REMANDED for proceedings consistent with this opinion.