**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Petitioner,**

v.

**Lilburn ROWE, Respondent.**

**No. 81–3567.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 10, 1983.

Decided June 17, 1983.

Roger M. Siegel, Atty. (argued), U.S. Dept. of Labor, Washington, D.C., for petitioner.

Thurman L. Hibbits (argued), Pikeville, Ky., for respondent.

Before CONTIE and WELLFORD, Circuit Judges, and MILES, District Judge.[*]

CONTIE, Circuit Judge.

Lilburn Rowe filed a claim for benefits under Part C of the Black Lung Benefits Act, 30 U.S.C. § 931 *et seq.,* alleging that his work in coal mines from 1935–1957 left him totally disabled due to pneumoconiosis. The Administrative Law Judge awarded benefits on the basis of a doctor's opinion that Rowe had pneumoconiosis. The Benefits Review Board found that opinion to be an insufficient basis for the award of benefits, but affirmed on the basis of a second doctor's opinion which was in the record but not discussed at all by the ALJ. The Director of the Office of Workers' Compensation Programs now appeals,[1] contending that the Board exceeded its statutory standard of review in finding that the second doctor's opinion was a documented and reasoned medical opinion sufficient to establish an interim presumption of total disability. The Director asserts that such a finding must initially be made by the ALJ as the factfinder.

We have jurisdiction pursuant to § 21(c) of the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 921(c), as incorporated by § 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a).[2] For the reasons stated below, we find that the Board exceeded its proper scope of review and, accordingly, we vacate the Board's decision.

**I**

Rowe's claim is governed by Part C of the Black Lung Benefits Act, 30 U.S.C. § 931 *et seq.* since it was filed after December 31, 1973.

We recently set out the general procedures for processing a black lung claim. *Blevins v. Director, OWCP,* 683 F.2d 139, 140–41 (6th Cir.1982). A dissatisfied claimant may have his case heard by an ALJ. Then, any party aggrieved by the ALJ's decision may appeal to the Benefits Review Board. Finally, any party adversely affected or aggrieved by the Board's decision may appeal to the court of appeals.

In this case, Rowe's claim was denied by the Director and then heard by an ALJ.

The record before the ALJ included two reports of physical examinations. Dr. P.L. Odom examined Rowe in 1976. Dr. Odom noted that Rowe was missing one eye and had injured his back in 1950, from which he had occasional lower back pain. Dr. Odom also noted that Rowe had complained of significant coughing and phlegm production over a 15–18 year period and shortness of breath upon walking, climbing and while laying down at night. Dr. Odom's physical examination of Rowe revealed evidence of scattered rhonchi in both lungs. Dr. Odom also conducted a chest x-ray and a ventilatory function test. He diagnosed bronchitis and coal worker's pneumoconiosis. Dr. Odom stated his conclusion as follows:

> Advanced pneumoconiosis, totally and permanently disabled for coal mining, dusty work to prevent further injury to lungs. Spirometry revealed only mild impairment, but in view of x-ray and history of exertional dyspnea, and advanced age, Mr. Rowe is totally and permanently disabled for all work. I believe that more sophisticated pulmonary function tests will demonstrate pulmonary impairment. (App.26).

Dr. C.M. Rivera also examined Rowe in 1976. Dr. Rivera noted that Rowe com-

---

[*] The Honorable Wendell A. Miles, Chief Judge, United States District Court for the Western District of Michigan, sitting by designation.

[1.] The Director has been designated by the Secretary of Labor as the Secretary's representative in all review proceedings regarding the Black Lung Benefits Act. 20 C.F.R. § 802.410–(b).

[2.] The history of the incorporation and the problems it caused is detailed in *Director, OWCP v. Alabama By-Products Corp.,* 560 F.2d 710 (5th Cir.1977) and in *Director, OWCP v. Eastern Coal Corp.,* 561 F.2d 632 (6th Cir.1977).

plained of arm, leg, and back pain but that he took no medication for the pain. Rowe also complained of a chronic cough and shortness of breath but denied suffering from chronic wheezing, orthopnea [3] or paroxysmal nocturnal dyspnea.[4] Dr. Rivera noted that Rowe had worked in the coal mines for 19 years and had smoked ½ of a pack of cigarettes per day for 20 years. Dr. Rivera noted that a chest x-ray showed evidence of pneumoconiosis but a test of arterial blood gases was normal. He diagnosed pneumoconiosis, bronchitis, and spinal disease.

The ALJ found that Rowe had established a rebuttable presumption of total disability which was not rebutted by the Director. There are four different ways for a live claimant to establish an interim presumption. 20 C.F.R. § 727.203(a)(1)–(4). The first three interim presumptions involve x-rays, biopsies, ventilatory studies, and arterial blood gas studies which meet prescribed standards. The ALJ found that none of the presumptions set forth in § 727.203(a)(1)–(3) were satisfied and the claimant does not dispute that finding. However, the ALJ found that § 727.-203(a)(4) had been satisfied. That provision states that an interim presumption of disability arises when:

> (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment.

The ALJ found that the interim presumption in (a)(4) had been satisfied based solely on Dr. Rivera's report. Since the Director failed to rebut that evidence to the ALJ's satisfaction, benefits were awarded. The ALJ's opinion did not mention Dr. Odom's report at all.

The Director appealed the ALJ's decision to the Benefits Review Board, contending that the ALJ erred in finding an (a)(4) presumption solely on Dr. Rivera's diagnosis of pneumoconiosis. The Board agreed with

the Director because (a)(4) required a finding of a "totally disabling respiratory or pulmonary impairment" and Dr. Rivera made no such finding. Rowe does not dispute the Board's finding on this point.

Even though it found the sole basis for the ALJ's opinion to be insufficient, the Board affirmed the award of benefits. It found that Dr. Odom's report, even though it was never mentioned by the ALJ, was a documented and reasoned medical opinion sufficient to invoke the (a)(4) presumption. On appeal, the Director contends that the Board should have remanded the case in order to allow the ALJ, rather than the Board, to determine if Dr. Odom's opinion was a documented and reasoned medical opinion sufficient to invoke the interim presumption of disability.

## II

This court's review of a decision of the Benefits Review Board is limited. "The court of appeals scrutinizes Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." *Bumble Bee Seafoods v. Director, OWCP*, 629 F.2d 1327, 1329 (9th Cir.1980). *Accord Miller v. Central Dispatch, Inc.*, 673 F.2d 773, 778–79 (5th Cir.1982); *Januszziewicz v. Sun Shipbuilding & Dry Dock Co.*, 677 F.2d 286, 290 (3d Cir.1982). The Board's function is similarly limited. It is not empowered to engage in a *de novo* review but rather is limited to reviewing the ALJ's decision for errors of law and to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole. 33 U.S.C. § 921(b)(3); 20 C.F.R. § 802.301. We hold that the Board failed to adhere to its limited statutory function.

The ALJ's opinion was clearly deficient. First, the ALJ failed to set out and discuss all of the medical evidence presented. It is the ALJ's duty to consider all of

---

**3.** Orthopnea is discomfort in breathing in any but the erect sitting or standing position.

**4.** Paroxysmal nocturnal dyspnea is an acute shortness of breath appearing suddenly at night.

the evidence and make findings of fact and conclusions of law which adequately set forth the factual and legal basis for his decision. *See Volpe v. Northeast Marine Terminals,* 671 F.2d 697, 701 (2d Cir.1982) (disability case brought under Longshoremen's and Harbor Workers' Compensation Act). Second, the ALJ erred in finding Dr. Rivera's diagnosis of pneumoconiosis to be sufficient to invoke the interim presumption absent a finding of total impairment.

The Board recognized that the sole evidence relied upon by the ALJ was insufficient to support the award of benefits. Furthermore, the Board noted the ALJ's failure to discuss Dr. Odom's report. Rather than remanding the case to the ALJ in order to allow him to consider all of the evidence under the proper legal standard, the Board decided that the ALJ reached the right result for the wrong reason and affirmed the award on the basis that Dr. Odom's opinion was a documented and reasoned medical opinion.

█ We cannot agree with the Board's approach. When the ALJ fails to make important and necessary factual findings, the proper course for the Board is to remand the case to the ALJ pursuant to 33 U.S.C. § 921(b)(4) rather than attempting to fill the gaps in the ALJ's opinion.[5] *Spra-*

*gue v. Director, OWCP,* 688 F.2d 862, 868 n.11 (1st Cir.1982); *Volpe,* 671 F.2d at 701; *Director, OWCP v. U.S. Steel Corp.,* 606 F.2d 53 (3d Cir.1979). The determination as to whether Dr. Odom's report was sufficiently documented and reasoned is essentially a credibility matter. As such, it is for the factfinder to decide.

█ The Board noted in its opinion that Dr. Odom's opinion was documented because it was "based on an x-ray, pulmonary function study, medical history, and physical examination." App.12. However, the mere fact that an opinion is asserted to be based upon medical studies cannot by itself establish as a matter of law that it is documented and reasoned. Rather, that determination requires the factfinder to examine the validity of the reasoning[6] of a medical opinion in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based. Of course, the factfinder should also consider any contrary test results or diagnosis in reaching a decision as to whether a statutory presumption applies and ultimately whether the claimant is totally disabled.

Since neither the Board nor this court is empowered to make such a determination, in light of the record in this case, the case

---

5. This case is distinguishable from *Director, OWCP v. Gurule,* 653 F.2d 1368 (10th Cir. 1981). In that case, the Board found that a factual determination made by the ALJ was not supported by substantial evidence and simply applied a regulation implemented by the Secretary as a matter of law.

We also believe that this case is distinguishable from *Lawson v. Secretary of HHS,* 688 F.2d 436 (6th Cir.1982). In *Lawson,* the claim for benefits was filed under Part B of the Black Lung Benefits Act and was originally ruled upon by the Secretary of HEW rather than the Secretary of Labor. Thus, *Lawson* was decided under the hearing and review procedures of the Social Security Act, 42 U.S.C. § 405, rather than under the review procedures of the Longshoremen's Act. The major difference between the two review procedures for the purposes of this case is that the regulations promulgated under the Social Security Act allow the Appeals Council to obtain and review additional evidence under certain circumstances. 688 F.2d at 439–40. The Benefits Review Board

has no authority to obtain additional evidence or make any factual findings. In that respect, the Board's function is similar to that of the district court's in Social Security disability cases and also to that of the district court's under the pre-1972 Longshoremen's Act. *See Miller v. Central Dispatch, Inc.,* 673 F.2d 773, 779 n.12 (5th Cir.1982).

6. The validity of Dr. Odom's opinion is certainly open to attack. First, the x-ray which he found to be positive for pneumoconiosis (but apparently still insufficient to establish an interim presumption pursuant to 20 C.F.R. § 727.203(a)(1)) was later found to be unreadable by more qualified readers. Second, the pulmonary function study noted by the Board as documentation was inconclusive. Dr. Odom stated his belief "that more sophisticated pulmonary function tests will demonstrate a pulmonary impairment," but no such tests are in the record. Finally, Dr. Odom's report on Rowe's medical history contains no mention of Rowe's smoking habit.

must be remanded to the ALJ.[7] *Volpe,* 671 F.2d at 700–01; *Director, OWCP v. U.S. Steel,* 606 F.2d at 55–56.

Accordingly, the judgment of the Benefits Review Board is VACATED and the case is REMANDED to the Board for further proceedings consistent with this opinion.

MILES, Chief District Judge, concurring.

I am in complete agreement with the holding reached by Judges Contie and Wellford that "[w]hen the ALJ fails to make important and necessary factual findings, the proper course for the Board is to remand the case to the ALJ...."[1] Therefore, I agree with the present disposition of this case and write separately only to express my disagreement with two secondary matters.

First, I disagree with the contention made by the Director of the Office of Workers' Compensation Programs that the Benefits Review Board engaged in *de novo* review. While the majority opinion does not address this assertion, some of the language used therein may imply tacit agreement with the Director's position. The record before this Court indicates to me, however, that the Benefits Review Board did not engage in *de novo* review, but merely examined the complete record in light of the ALJ's opinion. The Board's review would have been *de novo* if it had considered evidence outside of the record or

had considered the record "afresh"[2] without giving any consideration to the ALJ's opinion.

Secondly, I have problems with the majority's brief discussion of what is necessary to determine that a doctor's diagnosis is sufficiently documented and reasoned to invoke the presumption of pneumoconiosis under 20 C.F.R. § 727.203(a)(4).

The majority contends that,

the mere fact that an opinion is asserted to be based upon medical studies cannot by itself establish as a matter of law that it is documented and reasoned. Rather, that determination requires the factfinder to examine the validity of the reasoning of a medical opinion in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based. Of course, the factfinder should also consider any contrary test results or diagnoses in reaching a decision as to whether a statutory presumption applies and ultimately whether the claimant is totally disabled.

While conceding that experienced administrative law judges frequently develop considerable expertise in evaluating evidence routinely encountered in the hearings over which they daily preside, I believe that it is unnecessary and unduly burdensome to require all ALJs, whether novice or veteran, "to examine the validity of the reasoning of

---

7. Unlike the concurring opinion, we do not intimate our view of the effect of the remand on the ultimate outcome of this case since such a suggestion would be inconsistent with the function of an appellate court.

1. The cases cited by the Director in support of the contention that the Benefits Review Board should have remanded the case to the ALJ for reconsideration of the entire record and for explicit evaluation of all the evidence contained therein are *Albert D. Rasel v. Bethlehem Mines Corp.,* 1 B.L.R. 1–918 (1978); *Edna Gerhardt v. Saraha Coal Company, Inc.,* 1 B.L.R. 1–405 (1978); *Ersilio Marsella v. Starvaggi Industries, Inc.,* 2 B.L.R. 1–286 (1979); *Fred J. Marshall v. The Youghiogheny & Ohio Coal Co.,* 2 B.L.R. 1–746 (1979); *Edward Justice v. Jewell Ridge Coal Corp.,* 3 B.L.R. 1–547 (1981); *Lee Hopwood v. Sextet Mining Corp.,* 3 B.L.R. 1–477 (1981).

This case stands in contrast to the cases listed above for, as was conceded by the petitioner in oral argument, remand is not likely to alter the ultimate outcome of the present case. In fact, the evidence which the ALJ failed to consider, Dr. Odom's report, lends additional support to the ALJ's initial decision to award benefits to the respondent. While appropriate, remand in this case will therefore serve only to insure that the basis for this award of benefits is adequately articulated and thereby preserve the procedural integrity of the system. While these goals are not without merit, it appears to me that the time and energy available to the Benefits Review Board and the ALJ might be better spent on consideration of pending cases in which the outcome has yet to be determined.

2. *De novo* is defined as "anew; afresh; a second time" in *Black's Law Dictionary* (4th ed. 1968).

a medical opinion" before finding that a doctor's opinion raises the presumption of pneumoconiosis in subsection (a)(4). I also am convinced that it is improper for the ALJ to consider evidence contrary to a finding of totally disabling pneumoconiosis until a presumption of pneumoconiosis has been raised.

When I read subsection (a)(4) in the context of the entire regulation codified at 20 C.F.R. § 727.203(a)(4), I am convinced that the presumption in (a)(4) is raised by a medical opinion which finds total disability due to pneumoconiosis and states that the diagnosis is based on the results from specified tests. An ALJ need do no more than find that the specified tests are generally considered probative regarding pneumoconiosis to determine that the opinion is reasoned and thereby sufficient to raise the presumption. To require more intensive inquiry into the basis of the diagnosis before invoking the presumption has the effect of rendering subsection (a)(4) a compilation of the provisions in subsections (a)(1) through (a)(3).

Subsections (a)(1) through (a)(3) require the ALJ to look to specific test results in determining whether or not the results raise the presumption of pneumoconiosis. Since the tests referred to in subsections (a)(1) through (a)(3) are presumably the same or equivalent to those which would be cited as the basis for a reasoned medical opinion in compliance with subsection (a)(4), I am satisfied that the regulation in 'question is best construed to allow the ALJ to make an independent judgment based on the objective results from tests listed in subsections (a)(1), (2) and (3) regarding the invocation of the presumption, but to allow for a doctor's judgment (also based on test results but perhaps augmented by subjective considerations such as the patient's history) to satisfy subsection (a)(4). Furthermore, once the presumption is raised under any part of the regulation in question, then, and only then, need the ALJ look to other evidence to see if the presumption has been rebutted.

This interpretation of 20 C.F.R. § 727.-203(a) appears to comport with the Benefits Review Board's understanding regarding that provision. In the past, the Benefits Review Board has endorsed the practice of allowing an opinion based on generally accepted medical tests to invoke the presumption in subsection (a)(4), but has considered other evidence, such as contrary test results or diagnoses, in rebuttal of the presumption when raised.[3] *Edward Justice v. Jewell Ridge Coal Corporation,* 3 B.L.R. 1–547, 1–552 (1981). See also, *Fred J. Marshall v. The Youghiogheny & Ohio Coal Company,* 2 B.L.R. 1–746, 1–756–759 (1979), and the cases cited therein for examples of the types of documentation which have previously been deemed sufficient to justify the conclusion that a physician was "exercising reasoned medical judgment" thereby satisfying the requirements of subsection (a)(4).

If this past practice was followed in the present case, the ALJ would be allowed to rely on Dr. Odom's and Dr. Rivera's conclusions jointly and thereby determine that the presumption in subsection (a)(4) has been raised. The ALJ would then consider the respondent's smoking habit, and the opinion of the more qualified x-ray reader that the x-rays relied upon by Dr. Odom were unreadable, as rebuttal evidence. I consider this procedure to be preferable because it imposes upon the ALJ the duty to consider and weigh all the evidence contained in the record in assessing the merits of a particular claim, but does not require the ALJ to substitute his or her own opinion for that of

---

**3.** The Board has previously held that a single reasoned medical opinion which establishes the existence of a totally disabling respiratory or pulmonary impairment establishes a *prima facie* case entitling claimant to invocation of the Section 727.203 presumption pursuant to Subsection (a)(4). *Stiner v. Bethlehem Mines Corp.,* —— BLR ——, BRB No. 80–935 BLA (June 11, 1981). All other medical reports of record containing conflicting evidence as to the extent of claimant's impairment, if any, must be considered along with all other medical evidence in rebuttal pursuant to Section 727.203(b). 20 C.F.R. § 727.203(b).
*Edward Justice v. Jewell Ridge Coal Corp.,* 3 B.L.R. 1–547, 1–552 (1981).

qualified members of the medical profession.