762 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
YOUGHIOGHENY AND OHIO COAL COMPANY, PETITIONER,
v.
EDWARD J. PRESBYLLA, DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF
LABOR; BENEFITS REVIESW BOARD, RESPONDENTS.
 NO. 84-3295
 United States Court of Appeals, Sixth Circuit.
 3/29/85
 
 ON APPEAL FROM THE BENEFITS REVIEW BOARD
 Before: CONTIE and WELLFORD, Circuit Judges; and, PHILLIPS, Senior Circuit Judge.
 WELLFORD, Circuit Judge.
 
 
 1
 Youghiogheny & Ohio Coal Company (employer) petitions for review of a final order by the Benefits Review Board of the Department of Labor (hereinafter the 'Board'), granting disability benefits to former Y&O employee Edward J. Prisbylla under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. 901 et seq.
 
 
 2
 Prisbylla, 62, filed his claim for benefits in 1977, having recently retired after forty-three (43) years of coal mining or related employment. Prisbylla alleged that he was forced to retire due to recurrent coughing and shortness of breath from the development of pneumoconiosis, although he continued to smoke regularly through the years.
 
 
 3
 After an administrative hearing in 1981, an Administrative Law Judge (ALJ) found that claimant Prisbylla was entitled to disability benefits starting with his retirement in 1977. The Board affirmed his conclusion that pulmonary function studies and supporting medical evidence established the existence of pneumoconiosis. Prisbylla was thus entitled to a presumption of pneumoconiosis disability under 20 C.F.R. Sec. 727.203. The Board agreed with the ALJ that the employer failed to present persuasive evidence rebutting this presumption.
 
 
 4
 The employer alternatively challenges both essential findings. Y&O contends that 1) claimant Prisbylla was not entitled to an interim disability presumption based on the evidence and 2) the contrary medical evidence presented was sufficient to rebut any such presumption. From 1978 to 1980 Prisbylla underwent objective medical testing in three areas which could have established a presumption of disability under 20 C.F.R. Sec. 727.203: x-rays (Sec. 727.203(a)(1)), ventilatory or pulmonary function studies (Sec. 727.203(a)(2), and arterial blood gas studies (Sec. 727.203(a)(3)). The ALJ found that the six x-ray reports submitted into evidence did 'not establish the presence of pneumoconiosis.' The ALJ similarly found that the two arterial blood gas studies failed to establish pneumoconiosis. Thus the dispute before us exclusively focuses on the ALJ's findings regarding pulmonary function studies and supporting medical opinion.
 
 
 5
 Two of the three pulmonary function studies failed to establish the presence of pneumoconiosis. Under Sec. 727.203(a)(2) pneumoconiosis is sufficiently established to trigger a disability presumption concerning a man of Prisbylla's height (between 69- 1/4 and 69- 1/2 inches) by an FEV rating equal to or less than 2.5 and an MVV equal to or less than 100.[1] In 1978, Dr. Eicher found the combination FEV and MVV ratings to be indisputably 'within the normal range' of the regulatory standard. In 1979, Dr. George O. Kress conducted testing which also resulted in normal FEV and MVV ratings.
 
 
 6
 The third pulmonary function study was done in August of 1980 by Dr. Dan Daneshvari, who found a FEV rating of 2.405 and a MVV rating of 92. The ALJ found these below normal scores in this later pulmonary testing sufficient to invoke the interim presumption of pneumoconiosis disability.[2]
 
 
 7
 The ALJ also invoked a pneumoconiosis disability presumption based primarily on the post-examination opinion of Dr. Daneshvari, who indicated that the claimant had 'simple coal workers' pneumoconiosis,' and concluded that the claimant 'is totally and permanently disabled as coal worker or [from] any comparable gainful type of job.'
 
 
 8
 Dr. Daneshvari's 1980 medical opinion conflicted with that of Dr. Kress after his examination and testing in 1978. The latter's diagnosis was that Prisbylla suffered from a 'mild chronic bronchitis . . . based entirely upon his history and not supported by any objective [evidence] . . ..' Accordingly, 'there was insufficient objective evidence of pneumoconiosis.'
 
 
 9
 Dr. Daneshvari's diagnosis of pneumoconiosis disability was also based on x-ray evidence. The ALJ, however, rejected Dr. Daneshvari's x-ray interpretation in light of the more expert reading of the same evidence given by two other doctors and Dr. Kress' reading. The ALJ still supported his greater weighting of Dr. Daneshvari's opinion because it represented 'the most recent medical evidence' of pneumoconiosis, a progressive disease.
 
 
 10
 The ALJ also mentioned evidence from Dr. Ariato Carniero in support of his conclusion. In January 1978 Dr. Carniero opined that claimant 'is totally disabled and permanently disabled from coal mine employment.' Yet instead of identifying the medical cause for claimant's disability, Dr. Carniero stated that coal workers' pneumoconiosis was a 'possible' diagnosis. (Dr. Carniero also noted claimant's smoking history.)
 
 
 11
 We do not consider Dr. Carniero's opinion to be sufficiently definite; it fails to set out with reasonable medical certainty the diagnosis and the basis for the 'possible' pneumoconiosis. It is not sufficient standing alone to invoke the presumption under Sec. 727.203(a)(4).[3]
 
 
 12
 Petitioner also argues that the ALJ failed to consider fully the contrary rebutting evidence from Drs. Kress and Eicher after application of the Sec. 727.203 presumption. In Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251, 255 (6th Cir. 1983) we stated:
 
 
 13
 [T]he mere fact that an opinion is asserted to be based upon medical studies cannot by itself establish as a matter of law that it is documented and reasoned. Rather that determination requires the factfinder to examine the validity of the reasoning of a medical opinion in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based. Of course, the factfinder should also consider any contrary test results or diagnosis in reaching a decision as to whether a statutory presumption applies and ultimately whether the claimant is totally disabled.'
 
 
 14
 710 F.2d at 255. (Emphasis added).
 
 
 15
 We thus hold that all the medical evidence in the record should be considered as required under Rowe, supra. We find substantial evidence to support the ALJ's decision in favor of the claimant only as of August, 1980, after the examination by Dr. Daneshvari. It was reasonable for the ALJ to consider pneumoconiosis as a progressive disease, which was of sufficient severity in August, 1980, to establish an unrebutted presumption of disability. Other medical evidence from Drs. Kress and Eicher indicates, however, that his condition was not disabling during 1978 and 1979.
 
 
 16
 Accordingly, we affirm the decision for the respondents, but the matter is remanded to effect benefits beginning August 1, 1980 and not before. Costs are assessed against petitioner.
 
 
 
 [1]
 The pulmonary function chart in Sec. 727.203(a)(2) specifically indicates differing FEV and MVV levels for persons of 69 inches and 70 inches. Granting its ambiguity as to heights falling between these non-fractional inch measurements, we interpret the chart as allowing a person measuring between 69- 1/4 and 69- 1/2 inches to deserve the same FEV and MVV ratings as all other persons taller than 69 inches and no more than 70 inches
 
 
 [2]
 The ALJ cited the Board's decision in Strako v. Ziegler Coal Co., 3 BLR 136, 142-43 (1981) as support for his interpretation of the pulmonary figures. In Strako the Board indicated that fractional FEV or MVV levels could be fairly rounded down to establish a nonfractional score triggering the presumption. Thus, the ALJ apparently thought that it was appropriate to treat claimant's 2.405 FEV score as 2.4. This procedure would allow his FEV as well as MVV scores to be below normal for a person no more than 69 inches tall. The Board recently overruled its Strako position in Bolyard v. Peabody Coal Co., ---- BLR ----, BRK No. 82-335 BLA (1984). See also Gutierrez v. Califano, 612 F.2d 1247 (10th Cir. 1979). Our holding does not rely at all on Strako's permissive rounding-down pr cedure. We instead find that reasonable construction of the chart leads to the conclusion that claimant deserves the FEV and MVV levels for those persons taller than 69 inches
 
 
 [3]
 20 C.F.R. Sec. 727.203(a)(4) provides for the invocation of a disability presumption when:
 Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment.