793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROY REID, Petitioner,
v.
BENEFITS REVIEW BOARD; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF
LABOR, AND MARTIN COUNTY COAL COMPANY,
Respondents.
 85-3442
 United States Court of Appeals, Sixth Circuit.
 5/27/86
 
 AFFIRMED
 Ben.Rev.Bd.
 ON PETITION FOR REVIEW OF A DECISION AND ORDER OF THE BENEFITS REVIEW BOARD
 Before: ENGEL, CONTIE, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Roy Reid, a coal miner for twenty-seven years, appeals a decision of the Benefits Review Board, United States Department of Labor, which denied his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 931 et seq. The sole issue presented is whether the Board correctly affirmed, as supported by substantial evidence, the administrative law judge's (ALJ's) conclusion that the interim presumption of total disability due to pneumoconiosis established by Reid under 20 C.F.R. Sec. 727.203(a)(1) and (4), was rebutted by Reid's employer pursuant to 20 C.F.R. Sec. 727.203(b)(3). For the reasons that follow, we conclude the Board was correct, and therefore affirm its decision.
 
 
 2
 The Board's review of the ALJ's decision is limited. 'It is not empowered to engage in a de novo review but rather is limited to reviewing the ALJ's decision for errors of law and to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole. 33 U.S.C. Sec. 921(b)(3); 20 C.F.R. 802.301.' Director, OWCP v. Rowe, 710 F.2d 251, 254 (6th Cir. 1983). This court's review of the Board's decision is similarly limited. 'The court of appeals scrutinizes Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations.' Id. (quoting Bumble Bee Seafoods v. Director, OWCP, 629 F.2d 1327, 1329 (9th Cir. 1980)). Thus, the test is whether the Board was correct in concluding that the ALJ's decision was supported by substantial evidence. See Bizzarri v. Consolidation Coal Co., 775 F.2d 751, 753 (6th Cir. 1985).
 
 
 3
 It is not disputed that Reid established the interim presumption of total disability with X-ray evidence of pneumoconiosis, 20 C.F.R. Sec. 727.203(a)(1), and by the opinion of his treating physician, Dr. Hieronymous, that he was totally disabled by pneumoconiosis, 20 C.F.R. Sec. 727.203(a)(4). Section 727.203(b)(3) provides that the presumption of Sec. 727.203(a) may be rebutted by 'evidence establish[ing] that the disability or death of the miner did not arise in whole or in part out of coal mine employment.' In concluding that Reid's employer rebutted the interim presumption of total disability, the ALJ applied the rule of Jones v. New River Co., 3 Black Lung Rep. 1-199 (1981), wherein the Board held that the presumption is rebutted if it is 'shown that total disability or death did not arise out of coal mine employment.' Jones, 3 Black Lung Rep. at 1-209.
 
 
 4
 After the ALJ rendered his decision, the Board's interpretation of Sec. 727.203(b)(3) established in Jones was overruled by this court in Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir. 1984), cert. denied ---- U.S. ----, 105 S.Ct. 2357 (1985). Under Gibas, the interim presumption of total disability is rebutted by the employer if it is shown that 'pneumoconiosis played no part in causing a miner's disability.' Gibas, 748 F.2d at 1120 (emphasis added). However, where 'pneumoconiosis is a contributing cause to a miner's total disability, he is conclusively entitled to benefits.' Id. (emphasis added).
 
 
 5
 The Benefits Review Board concluded that the ALJ's erroneous application of Jones was harmless error, and upon this record we agree. The only evidence in the record to support Reid's claim of total disability was the opinion of his treating physician, Dr. Hieronymous, who opined that Reid was totally disabled by pneumoconiosis. Dr. Rivera concluded that Reid had simple pneumoconiosis and severe coronary heart disease, but did not weigh the impact of each on Reid's health. Dr. Heironymous' opinion was undermined by the reports of Drs. O'Neill and Cornish, who concluded that the pulmonary function studies conducted by Dr. Hieronymous were invalid. In addition, the medical reports of Drs. Anderson, Meyers, Cornish, Sutherland, and Long indicated that Reid's disability was caused by cardiovascular disease, and that pneumoconiosis did not contribute to or cause Reid's disability. The Board correctly concluded that there is substantial evidence in the record to support the ALJ's conclusion that Reid's mining employment played no part in causing his disability.
 
 
 6
 Therefore, the judgment of the Benefits Review Board, which denied Reid's claim for black lung benefits, is affirmed.