836 F.2d 1348
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles A. PACE, Petitioner-Appellant,
v.
PEABODY COAL COMAPNY; Old Republic Companies; and
Director, Office of Workers Compensation Programs,
United States Department of Labor,
Respondents-Appellees.
 No. 86-3863.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, CONTIE, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Claimant-appellant, Charles A. Pace, appeals from the Benefits Review Board's decision affirming the Administrative Law Judge's denial of the claimant's application for black lung disability benefits. The Board affirmed the Administrative Law Judge's (ALJ's) decision because it determined that the interim presumption set forth in 20 C.F.R. Sec. 727.203(a)(4) had not been properly invoked. We affirm.
 
 
 2
 Charles A. Pace filed a claim for black lung benefits on August 17, 1976. On October 21, 1980, an initial finding was made that Pace was entitled to benefits, and appellee Peabody Coal Company was notified. Its insurance carrier, Old Republic Insurance Company, also an appellee in this case, contested this determination on behalf of Peabody Coal Company. A formal hearing was held by an Administrative Law Judge on March 17, 1983. The claimant's request for benefits was denied in the ALJ's decision and order issued November 30, 1983. The claimant appealed to the Benefits Review Board which upheld the ALJ's denial of benefits in its decision and order filed July 29, 1986. On appeal, the claimant maintained that the ALJ's determination was not supported by substantial evidence and thus should not have been upheld by the Board.
 
 
 3
 The payment of benefits "[i]n the case of total disability of a miner due to pneumoconiosis" is authorized by 30 U.S.C. Sec. 922(a)(1). A rebuttable presumption that a living miner is totally disabled due to pneumoconiosis arising out of that employment arises pursuant to 20 C.F.R Sec. 727.203(a), if the claimant was engaged in coal mine employment for at least ten years and meets one of four medical requirements set forth in that regulation. The first three methods under which the presumption can be invoked, (a)(1), (a)(2), & (a)(3), involve chest x-rays or a biopsy, ventilatory studies, or blood gas studies. The ALJ's determinations that none of these medical requirements were met were not contested by the claimant. The ALJ determined that the fourth method of invoking the interim presumption--other "medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, that establishes the presence of a totally disabling respiratory or pulmonary impairment,"--was satisfied. 20 C.F.R. Sec. 727.203(a)(4). However, the ALJ also found that the presumption had been rebutted under either 20 C.F.R. Sec. 727.203(b)(2) or (3).
 
 
 4
 On review, the Board determined that the (a)(4), or fourth method of triggering the presumption should not have been invoked but found this error harmless because the ALJ had determined that the presumption was rebutted under (b)(2). Thus, the Board found it unnecessary to address rebuttal pursuant to (b)(3) and upheld the ALJ's decision denying benefits.
 
 
 5
 This court's role on review is limited to "scrutiniz[ing] Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the Administrative Law Judge's determinations." Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1116 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985) (citing Director, OWCP v. Rowe, 710 F.2d 251, 254 (6th Cir.1983) (quoting Bumble Bee Seafoods v. Director, OWCP, 629 F.2d 1327, 1329 (9th Cir.1980))). Similarly, the Board's role on review of an ALJ's decision is limited by 33 U.S.C. Sec. 921(b)(3), and 20 C.F.R. Sec. 802.301. Id. The Administrative Law Judge's findings of fact and conclusions of law may only be set aside by the Board if "they are not ... supported by substantial evidence in the record considered as a whole or in accordance with law." 20 C.F.R. Sec. 802.301.
 
 
 6
 The evidence available to the ALJ included the opinions of several physicians. The ALJ's opinion initially stated that "[t]he weight of the medical evidence does not show the existence of a totally disabling respiratory or pulmonary impairment." The opinion went on to state later, however, that "Dr. Wagner's opinion would probably invoke [the (a)(4) presumption] under Stiner since he does indicate that the claimant is unable to pursue coal mine employment as a result of a respiratory or pulmonary condition." Thus, it is clear that the ALJ invoked the (a)(4) presumption because he felt bound to do so by Stiner v. Bethlehem Mines Corp., 3 BLR 1-487 (1981).
 
 
 7
 The ALJ interpreted Stiner as requiring that the (a)(4) presumption be invoked on the basis of a single documented and well-reasoned opinion. In a later case, however, the Board clarified its position with respect to what constitutes a sufficient basis for invoking the (a)(4) presumption. In Bozick v. Consolidation Coal Co., 8 BLR 1-130, 1-132 (1985), the Board stated that "A single medical opinion may compel invocation of [ (a)(4)'s] interim presumption but need not do so necessarily and may not do so prior to consideration of all other medical reports in the record." Id. at n. 3. The Board's adoption of this evidence weighing approach was recognized by this court in Moseley v. Peabody Coal Co., 769 F.2d 357, 359 (6th Cir.1985). More importantly, subsequent to the submission of this case, the Supreme Court held in Mullins Coal Co. v. Director, 56 U.S.L.W. 4044 (U.S. December 14, 1987) (No. 86-327), that a single item of qualifying evidence under Sec. 203(a) does not automatically invoke the interim presumption; and that whether the interim presumption is invoked is determined by a preponderance of the evidence of record relevant to any one or more of the four Sec. 203(a) medical requirements. It is clear that the ALJ would not have invoked the (a)(4) presumption if he had thought he was able to weigh the evidence in determining whether to do so. Therefore, the Board correctly determined that the interim presumption was not invoked and affirmed the ALJ's denial of benefits on that basis.
 
 
 8
 For the above reasons, we AFFIRM the Benefit Review Board's decision affirming the Administrative Law Judge's denial of the claimant's application for black lung disability benefits.