884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bill DIXON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3570.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Bill Dixon petitions this court for review of a decision of the Benefits Review Board of the United States Department of Labor. For the following reasons, we remand this case for further proceedings.
 
 I.
 
 2
 Bill Dixon was born on January 19, 1917. He last worked in the coal mines in 1943. On July 27, 1984, petitioner filed a claim for benefits pursuant to the Black Lung Benefits Act. 30 U.S.C. Sec. 901 et seq.[1] The application was denied by the Director of the Office of Workers' Compensation Programs (the Director) on September 25, 1984. Petitioner requested a hearing before an Administrative Law Judge (ALJ). The hearing was held on October 23, 1985. At the hearing, the ALJ heard testimony concerning the length of petitioner's coal mine employment and received medical evidence relating to petitioner's pulmonary impairments including his pneumoconiosis.
 
 
 3
 On February 12, 1986, the ALJ issued his decision denying benefits. In his decision, the ALJ set forth the following issues which were presented for resolution in this case:
 
 
 4
 1. Whether the miner worked at least 10 years in or around one or more coal mines.
 
 
 5
 2. Whether the miner has pneumoconiosis as defined by the Act and the Regulations.
 
 
 6
 3. Whether the miner's pneumoconiosis arose out of coal mine employment.
 
 
 7
 4. Whether the miner is totally disabled.
 
 
 8
 5. Whether the miner's disability is due to pneumoconiosis.
 
 
 9
 The ALJ found that the x-ray evidence satisfactorily establishes the existence of pneumoconiosis in accordance with 20 C.F.R. Sec. 718.202(a).[2] The ALJ also found that petitioner was entitled to nine years of coal mine employment and, therefore, he was not entitled to the rebuttable presumption that his pneumoconiosis arose out of his coal mine employment, which is applied to claims of miners who worked in the nation's coal mines for ten years or more. 20 C.F.R. Sec. 718.203(b). Having found that petitioner was not eligible for the section 718.203(b) presumption, the ALJ went on to determine whether competent evidence established a relationship between petitioner's pneumoconiosis and his coal mine employment. 20 C.F.R. Sec. 718.203(c). After reviewing the medical evidence, which showed, inter alia, a lengthy hospital stay due to tuberculosis and a history of cigarette smoking by petitioner, the ALJ found that petitioner failed to prove that his pneumoconiosis arose out of his coal mine employment. Having determined that petitioner's pneumoconiosis did not arise out of his coal mine employment, the ALJ did not consider the issue of petitioner's total disability or whether his disability was due to his pneumoconiosis.
 
 
 10
 Petitioner appealed to the Benefits Review Board (the Board) which affirmed the ALJ's decision in a Decision and Order issued April 29, 1988. The Board concluded that the ALJ's findings of fact and conclusions of law were supported by substantial evidence and contained no reversible error. Petitioner timely filed a petition for review with this court.
 
 
 11
 Petitioner argues that he is entitled to the presumption that his pneumoconiosis arose out of his coal mine employment because the ALJ's finding that he had only nine years of coal mine employment is not supported by substantial evidence. Alternatively, he argues that medical evidence established a causal relationship between his pneumoconiosis and his coal mine employment.
 
 II.
 
 12
 This court's review of a decision of the Benefits Review Board is limited. 'The court of appeals scrutinizes Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations.' The Board's function is similarly limited. It is not empowered to engage in a de novo review but rather is limited to reviewing the ALJ's decision for errors of law and to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole. 33 U.S.C. Sec. 921(b)(3); 20 C.F.R. Sec. 802.301.
 
 
 13
 Director, Office of Workers Compensation Programs v. Rowe, 710 F.2d 251, 254 (6th Cir.1983).
 
 
 14
 The Director now concedes that "Dixon has established the existence of clinical pneumoconiosis by x-ray evidence ... [which] ... arose from coal mine employment." Director's Brief at 5, n. 3. This concession does not resolve this controversy, however, since the ALJ did not consider the issue of whether petitioner's pneumoconiosis was totally disabling, see C.F.R. Sec. 718.204, or whether his totally disabling pulmonary impairment was significantly related to or substantially aggravated by dust exposure in coal mine employment. See C.F.R. Sec. 718.201. Although the ALJ did comment that "there is strong proof that Claimant is totally disabled," he did not make findings on the disability issues.[3] Since our review of factual issues is limited to determining whether the Board properly found that the findings of the ALJ were supported by substantial evidence, and since the ALJ did not address or make findings concerning these issues, we remand to the ALJ for consideration of the evidence in the context of the issues raised as a result of the Director's concession in this appeal.
 
 
 15
 For the foregoing reasons, this case is REMANDED for further proceedings.
 
 
 
 [1]
 Petitioner had previously applied for benefits on June 24, 1974 and March 4, 1981. Both of these applications were denied. These determinations are not a subject of this appeal
 
 
 [2]
 The Director does not challenge this finding
 
 
 [3]
 Although the ALJ's finding that the medical evidence did not prove that petitioner's pneumoconiosis arose at least in part from his coal mine employment could be construed as a finding that his other pulmonary impairments did not arise from such employment, the ALJ did not expressly review the evidence in the context of the issues presented to this court by the Director. Accordingly, we leave this issue for consideration by the ALJ on remand