925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David B. MOLLETTE, Petitioner,
v.
CLINCHFIELD COAL COMPANY, Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 90-3872.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 David B. Mollette petitions pro se for review of the Benefits Review Board's decision affirming the denial of benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mollette filed his claim for Black Lung benefits on May 28, 1981, and the Department of Labor finally denied his claim on November 15, 1982. After a formal hearing, an Administrative Law Judge (ALJ) found that Mollette failed to establish the existence of pneumoconiosis or disability pursuant to 20 C.F.R. Part 718 of the regulations. The Benefits Review Board (BRB) affirmed the ALJ's finding on appeal.
 
 
 4
 The petitioner now argues that the evidence does establish the existence of pneumoconiosis and total disability, and that the ALJ erred by improperly weighing the x-ray evidence and medical opinions of record. Specifically, Mollette argues that the ALJ did not consider or assign proper evidentiary weight to the medical conclusions of Drs. Potter, Banguidi and Sundaram.
 
 
 5
 This court must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Co., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 A thorough review of the record reveals that the ALJ properly assigned greater probative weight to x-ray interpretations by B-Readers and to those physicians' opinions in the record rendered by doctors with superior credentials. 20 C.F.R. Sec. 718.202(a)(1)(ii)(E); Saginaw Mining Co. v. Ferda, 879 F.2d 198, 205 (6th Cir.1989); Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 261-62 (6th Cir.1988). Moreover, when medical evidence is in dispute, determinations of whether a physician's report is sufficiently documented, reasoned and supported by the objective evidence of record is a matter that is properly left to the trier of fact. Tennessee Consol. Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir.1989); Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983).
 
 
 7
 In this case, the ALJ considered all opinions and evidence. His conclusions that the petitioner did not satisfy the burden of proving by a preponderance of evidence that he had pneumoconiosis or that he was totally disabled are supported by substantial evidence of record.
 
 
 8
 Accordingly, the BRB's order denying benefits is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation