956 F.2d 269
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy McCOOL, Petitioner
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS OF UNITED
STATES DEPARTMENT OF LABOR, Respondents
 No. 91-3339.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1992.
 
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a black lung benefits case in which the Benefits Review Board agreed with an administrative law judge's decision denying petitioner's claim for benefits. Because the administrative law judge erred in holding that petitioner was able to perform his past coal mine work, the Court will reverse and remand for an award of benefits.
 
 
 2
 Petitioner, Billy McCool, worked in coal mines for over 16 years.[1] Petitioner filed a timely claim for black lung benefits on September 25, 1981. That claim was denied in a decision by the administrative law judge (ALJ) on December 20, 1985. The ALJ concluded that although plaintiff showed that he had pneumoconiosis, he failed to establish that he is totally disabled due to that disease. Upon review by the Benefits Review Board ("BRB"), the ALJ's decision was vacated and remanded to the ALJ for consideration of the medical report of Dr. Vivek Sachdev. On remand, the ALJ concluded that Dr. Sachdev's report did not establish that petitioner could not perform his usual coal mine work, and again denied petitioner's claim. Once again, petitioner appealed to the BRB. While the case was pending before the BRB, the Director moved to remand the case to the ALJ "for further development and review of the medical evidence." On February 28, 1991, the BRB, with one administrative appeals judge dissenting, affirmed the ALJ's decision. The BRB held that its earlier decision to remand implicitly found Dr. Sachdev's report to be sufficient for purposes of determining whether petitioner was totally disabled. The BRB then concluded that the ALJ was within his discretion in denying benefits. On April 16, 1991, petitioner filed a timely petition for review of that decision in this Court.
 
 
 3
 This Court reviews the decisions of the BRB for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations. The Board's function is limited to reviewing the ALJ's decision for errors of law and to determining whether the factual findings are supported by substantial evidence in the record as a whole. See Director, Office of Workers' Compensation Programs, U.S. Department of Labor v. Rowe, 710 F.2d 251, 254 (6th Cir.1983).
 
 
 4
 The parties agree that in order to prevail on a claim for black lung benefits, a claimant must establish that (1) he has pneumoconiosis, (2) his pneumoconiosis arose out of his employment in a coal mine, and (3) that he is totally disabled due to the pneumoconiosis. 20 C.F.R. § 718.202-.204 (1991). The parties also agree that the first two of these requirements are not in dispute. (Petitioner's Brief, at 10; Respondent's Brief, at 9). Thus, the only issues presented for this Court's consideration relate to the third element. Although the regulations permit a miner to prove total disability in any of four ways, in this case petitioner's medical test results rule out three of these methods. Petitioner can prove total disability only if a "physician, exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents ... the miner" from performing his usual coal mine work. 20 C.F.R. § 718.204(c)(4), (b) (1991). During the ten years of administrative proceedings in this case, only one physician's report has been presented, that of Dr. Vivek Sachdev. In that report, dated December 1981, Dr. Sachdev made no explicit finding as to petitioner's ability to return to his past work, but he did explicitly find that petitioner was physically limited to (1) walking three blocks on level ground at a slow pace, (2) climbing one flight of stairs, and (3) lifting forty pounds. Although he made the report without benefit of a positive X-ray,[2] Dr. Sachdev concluded that petitioner had "chronic bronchitis with mild chronic obstructive lung disease," and "probable coal worker's pneumoconiosis." Dr. Sachdev characterized this as an AMA Class III level respiratory impairment.[3]
 
 
 5
 The respondent concedes that Dr. Sachdev's report is sufficient to establish total disability (Respondent's Brief, at 10), and that the "only reasonable inference that can be made from [petitioner's] limitations is that [he] would not be able to perform the running requirement of his job." (Director's Motion to Remand; Joint Appendix at 8). Petitioner's past work required running, and Dr. Sachdev's report specifically rules this out. Since there is no other medical evidence of record, the ALJ's decision is not supported by substantial evidence and must be reversed.
 
 
 6
 Respondent contends that Dr. Sachdev's report is not credible and, therefore, a remand to the ALJ is necessary. Respondent argues that Dr. Sachdev's characterization of petitioner's disorder as a mild obstructive lung disease undercuts his conclusions about petitioner's limitations in walking, climbing, and lifting. (Respondent's Brief, at 10). Thus, respondent contends that Dr. Sachdev's report is not credible, i.e., it is not a "reasoned" opinion under the regulations. Citing Peabody Coal Co. v. Benefits Review Board, 560 F.2d 797, 802 (7th Cir.1977) ("Peabody I "), and Todd Shipyards Corp. v. Donovan, 300 F.2d 741, 742 (5th Cir.1962), respondent asserts that the ALJ could validly discredit Dr. Sachdev's report. Therefore, respondent argues, the case should be remanded for the ALJ to determine whether or not the report is reasoned.
 
 
 7
 No remand to the ALJ is necessary in this case. Cf. Smith v. Califano, 682 F.2d 583, 586 (6th Cir.1982) (claim for benefits had been pending for ten years so court of appeals made final determination on the record before it). First, the ALJ has already had two opportunities over the past seven years to hold that the report is not reasoned, but he has not so held. Indeed, he relied on part of the report in erroneously drawing the conclusion that petitioner could perform his past coal mine work. Second, there is no other medical evidence on which the ALJ could rely to discredit the report. Finally, the report is not internally inconsistent, and the record could not support a finding that the report was not reasoned. In reaching his conclusion that petitioner could perform his past coal mine work, the ALJ noted that a medical text which defines Class III impairments does not specifically rule out running. He then concluded that a Class III impairment would not prevent petitioner from performing his past work. In so doing, the ALJ ignored Dr. Sachdev's specific conclusion that petitioner could not run. The ALJ may not discredit uncontradicted medical evidence, Tennessee Consolidated Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir.1989), and it was error for him to make the medical conclusion that petitioner could run when that conclusion directly contradicted the physician's specific finding that petitioner could not run. In addition, because Dr. Sachdev made very specific findings about petitioner's physical limitations in walking, climbing, and lifting, the doctor's characterization of petitioner's obstructive lung disease as "mild" does not undermine his finding that the petitioner has a Class III impairment.
 
 
 8
 This case is hereby remanded to the Benefits Review Board for the award of benefits to petitioner.
 
 
 
 [1]
 Petitioner's work in the mines consisted of driving ponies or mules in mines that were between 36 and 46 inches high. Since there were no brakes on the cars pulled by the animals, petitioner had to sprag the cars in order to stop them; petitioner's work also involved running, lifting, carrying, bending, and stooping
 
 
 [2]
 Petitioner's first X-ray was taken in 1981 and was negative for pneumoconiosis; petitioner's second X-ray, which was taken in 1985, was positive for pneumoconiosis but was taken after Dr. Sachdev made his report
 
 
 [3]
 The ALJ recognized that a person with an AMA Class III impairment is supposed to be able to walk one mile at his own pace but "cannot keep pace on level ground with others of the same age and body build."