91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank SCYPTA, Petitioner,
v.
OGLEBAY NORTON COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-3656.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1996.
 
 Before: WELLFORD, NORRIS, and DAUGHTREY, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Frank Scypta petitions this court for a review of the order of the Benefits Review Board denying him "black lung" benefits claimed pursuant to the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. §§ 901-45. The Board's order affirmed a decision of an administrative law judge which denied benefits.
 
 
 2
 Having had the benefit of oral argument, and having carefully considered the record before us and the briefs of the parties, we are not persuaded that the Benefits Review Board erred in affirming the decision denying benefits.
 
 
 3
 Because the reasoning which supports the denial of benefits has been articulated by the Board, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, we affirm the order denying benefits upon the reasoning employed by the Benefits Review Board in its decision and order issued April 27, 1995.
 
 WELLFORD, Circuit Judge, concurring:
 
 4
 This is a close case, as is evidenced by the several hearings and administrative determinations in this record. I am persuaded, however, that the Benefits Review Board had substantial evidence on which to conclude that the employer-respondent established rebuttal under § 727.203(b)(3).
 
 
 5
 "Our review is limited to 'scrutiniz[ing] Board decisions for errors of law and for adherence to the statutory standard governing the Board's review.' " Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1116 (6th Cir.1984) (quoting Director, OWCP v. Rowe, 710 F.2d 251, 254 (6th Cir.1983)), cert. denied, 471 U.S. 1116 (1985); Bumble Bee Seafoods v. Director, OWCP, 629 F.2d 1327, 1329 (9th Cir.1980). The considered opinions of Drs. Kress and Paal "were corroborated by the objective studies of record" in ruling out pneumoconiosis as a cause of claimant's disability.[1] I am not persuaded that Warman v. Pittsburgh & Midway Coal Mining Co., 839 F.2d 257 (6th Cir.1988), relied upon by claimant, supports Scypta's position. Substantial evidence in defendant's rebuttal proof showed "that pneumoconiosis was not a contributing cause to [the] miner's disability" under § (b)(3) supports our decision. Warman, 839 F.2d at 259. I, therefore, concur in the decision to AFFIRM.
 
 
 
 [1]
 Interestingly, Dr. Kress' opinion was a significant component of the evidence in Gibas, 748 F.2d at 1120