**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD E. KIDWELL; RONALD W.
KIDWELL, Co-Administrators, for the
Estate of COLUMBUS E. KIDWELL,
Deceased,
Petitioners,

v.                                                              No. 96-1454

CEDAR COAL COMPANY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(95-1184-BRB)

Submitted: March 18, 1997

Decided: April 4, 1997

Before WIDENER, HALL, and ERVIN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Robert F. Cohen, Jr., COHEN, ABATE & COHEN, L.C., Fairmont,
West Virginia, for Petitioners. J. Davitt McAteer, Acting Solicitor of
Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefts,

Patricia M. Nece, Counsel for Appellate Litigation, Jennifer U. Toth, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.; David L. Yaussy, ROBINSON & MCELWEE, Charleston, West Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Co-Administrators of the Estate of Columbus Edward Kidwell, a former coal miner, petition for review of a Benefits Review Board (Board) order affirming an administrative law judge's (ALJ) decision to deny Kidwell's application for benefits under the Black Lung Benefits Act (Act), as amended, 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1996). While we grant Cedar Coal Company's motion to submit this case on the briefs, we vacate the decision of the Board and remand this case for further consideration.

Kidwell's pulmonary function studies failed to produce qualifying values, and there was no evidence of cor pulmonale. Therefore, Kidwell had to establish disability by way of blood gas studies or medical reports. See 20 C.F.R. § 718.204(c)(2), (4) (1996).

Of Kidwell's three blood gas studies, two produced results which were non-qualifying under the criteria listed in Appendix C of 20 C.F.R. Part 718. The other test, conducted during exercise, was found by the ALJ to produce "barely qualifying" results. Qualifying studies --even if marginally qualifying--should not be discounted based on a failure to exceed the criteria. Rather, in the absence of rebutting evidence, values which "meet" the values delineated in Appendix C establish total disability. In fact, depending upon the exertional requirements of the miner's job, even a non-qualifying study might indicate total disability. The ALJ's discrediting of this objective

2

showing of Kidwell's total disability, see 20 C.F.R. § 718.204(c)(2), without articulating a reason for favoring the non-qualifying results over the qualifying results, was error.

Because the ALJ concluded that Kidwell failed to prove disability by the three objective criteria, Kidwell then had to establish disability by way of medical reports. Section 718.204(c)(4) allows an ALJ to find total disability in the absence of qualifying test scores by crediting a "reasoned" medical opinion. The ALJ must consider the medical opinions in light of the studies conducted and the objective facts upon which the physician bases his opinion. See Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir. 1983).

Because Dr. Rasmussen's credentials were not made part of the record, we find no error in the ALJ's decision, based on qualifications, to accord greater weight to the opinions of Drs. Altmeyer and Cohen than to that of Dr. Rasmussen. See Hansen v. Director, OWCP, 984 F.2d 364, 368 (10th Cir. 1993) (fact-finder to resolve issue of relative expertise of physicians); King v. Consolidation Coal Co., 8 BLR 1-262 (1985) (decision-maker has no obligation to gather evidence of physician's qualifications).

However, the ALJ did not address the fact that Dr. Rasmussen was the only physician of the three to have examined Kidwell. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1097 (4th Cir. 1993) (according special consideration to opinion of treating or examining doctor). Also, Dr. Rasmussen conducted the blood gas studies; therefore, his opinion as to Kidwell's disability is based on his personal observation of Kidwell during the exercise portion of the test. Dr. Rasmussen was in a better position to assess the overall severity of the impairment suffered by Kidwell. We find that the ALJ improperly discounted Dr. Rasmussen's opinion based only on credentials without addressing his unique position as the only examining physician of record to have addressed the disability issue.

The ALJ also improperly credited Dr. Altmeyer's medical opinion over that of Dr. Cohen. Dr. Altmeyer concluded that Kidwell was not totally disabled from performing his former coal mine employment, but failed to address the exertional requirements of Kidwell's coal mine job. See Walker v. Director, OWCP, 927 F.2d 181, 184 (4th Cir.

3

1991) (credible finding of no disability must state"knowledge of the physical efforts required and relate them to the miner's impairment"). Dr. Cohen, after reviewing Kidwell's medical records, found that Kidwell's impairment in gas exchange would prevent him from performing his last coal mine job. The ALJ discredited Dr. Cohen's opinion as to whether Kidwell was totally disabled, noting that Dr. Cohen failed to sufficiently explain the basis for his conclusion, and he relied upon the non-qualifying test results.

The ALJ incorrectly discredited Dr. Cohen's opinion merely because he partially relied on non-qualifying test results. In the absence of qualifying test results, § 718.204(c)(4) specifically authorizes proof of total disability by medical opinions, provided the opinions are based on "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 718.204(c)(4). This subsection expressly applies where disability cannot be established based on the objective tests. See Poole v. Freeman United Coal Mining Co., 897 F.2d 888, 893 (7th Cir. 1990). To discount a medical opinion solely for relying on non-qualifying test scores would read this subsection out of the statute. However, to credibly find disability, the physician should analyze the objective findings in light of the exertional requirements of the miner's usual coal mine employment. See Walker, 927 F.2d at 183. This is precisely what Dr. Cohen did.

We therefore vacate the decision of the Board and remand this case to the Board for further remand to the ALJ for further consideration of the evidence consistent with this opinion. We grant Cedar Coal Company's motion to submit on brief because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4