524 F.2d 1136
 Edward POTENZA, Claimant-Appellee,
v.
UNITED TERMINALS, INC., Employer-Appellant,
and
Federal Insurance Company, Carrier-Appellant,
Director, Office of Workers' Compensation Program, United
States Department of Labor, Party in Interest-Appellee.
 No. 41, Docket 74-2635.
 United States Court of Appeals,
Second Circuit.
 Submitted Sept. 18, 1975.
Decided Oct. 1, 1975.
 
 Linden & Gallagher, Leonard J. Linden, New York City, for employer and carrier appellants.
 William J. Kilberg, Sol. of Labor, Marshall H. Harris, Associate Sol., Jean S. Cooper, Atty. U. S. Dept. of Labor, Washington, D. C., for Director, Office of Workers' Compensation Programs.
 Before MOORE, FEINBERG and OAKES, Circuit Judges.
 PER CURIAM:
 
 
 1
 In October 1972, appellee Edward Potenza was struck on the face by a falling carton of bananas while working as a longshoreman. Because of the pain in his jaw and other symptoms Potenza went to an oral surgeon, Dr. Albert Albanese, who discovered that Potenza had cancer of the jaw. A large portion of appellee's jawbone was removed and replaced with a bone graft. The cancerous condition had apparently been present, unknown to Potenza, for many years but had caused no symptoms. Potenza filed a claim for compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950, against his employer, United Terminals, Inc., and its insurance carrier, Federal Insurance Company, both appellants here. Thereafter, the administrative law judge found that the pre-existing cancer was aggravated by the work-related injury. In addition to the compensation award, appellants were also ordered to pay Potenza's attorneys' fees. The decision of the administrative law judge was affirmed by the Benefits Review Board of the United States Department of Labor.
 
 
 2
 On review by the Board, the findings of fact of the administrative law judge are "conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). Although the quoted statutory language appears to apply in terms only to review by the Board, the legislative history makes clear, as must logically be the case in any event, that the same standard was intended to apply to review in the courts of appeals. See H.R.Rep. No. 92-1441, 1972 U.S.Code Cong. & Admin.News p. 4698, at 4709, 4718. There clearly was substantial evidence in the record here to support the finding of aggravation of the pre-existing cancer. Although appellants offered expert medical testimony to the contrary, Dr. Albanese testified that he believed the blow Potenza received on his face "definitely aggravated and stimulated" the pre-existing cancerous tumor and gave the reasons for his conclusion. We cannot say that this testimony does not rise to the level of substantial evidence.
 
 
 3
 The administrative law judge awarded counsel fees of $800, which included $200 to be paid to the medical expert. Provision for such fees was first made under the 1972 amendments to the Act, 33 U.S.C. § 928. Appellants claim that since the accident here occurred prior to the effective date of those amendments, attorneys' fees cannot be awarded. We have already held to the contrary. Overseas African Construction Corp. v. McMullen, 500 F.2d 1291, 1297 (2d Cir. 1974). See also Dillingham Corp. v. Massey, 505 F.2d 1126, 1129 (9th Cir. 1974); Matthews v. Walter, 512 F.2d 941, 946 (D.C. Cir. 1975).
 
 
 4
 The order of the Benefits Review Board is affirmed.