**Joseph VOLPE, Petitioner,**

v.

**NORTHEAST MARINE TERMINALS, Midland Insurance Company and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 463, Docket 81–4141.**

United States Court of Appeals, Second Circuit.

Argued Dec. 10, 1981.

Decided Jan. 29, 1982.

---

fits. In a decision and order dated August 2, 1979, the ALJ denied the application, holding that petitioner had not sustained a work-related injury and therefore was not entitled to benefits. The Board affirmed the ALJ in a decision and order dated July 12, 1981, holding that there was substantial evidence to support the conclusion that the heart problems from which petitioner suffered were not work-related. One Board member dissented on the ground that the ALJ had misapplied the legal standard and that the majority of the Board, in affirming, had improperly rewritten the ALJ's decision. Petitioner then filed the instant petition to review.

We grant the petition to review, vacate the decision and order of the Board, and remand the case to the Board for further proceedings consistent with this opinion.

Gary Sinawski, New York City (Harry Kresky, Cathy Hollenberg, and Kresky, Sinawski & Hollenberg, New York City, on the brief), for petitioner employee.

Leonard J. Linden, New York City (Linden & Gallagher, New York City, on the brief), for respondent employer and respondent carrier.

Before MOORE, TIMBERS and VAN GRAAFEILAND, Circuit Judges.

TIMBERS, Circuit Judge:

The essential issue on this petition to review is whether the Benefits Review Board ("the Board"), United States Department of Labor, in a proceeding involving a claim for disability benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1976) ("the Act"), having found that the administrative law judge ("the ALJ") had misapplied the appropriate legal standard, erred in affirming the decision and order of the ALJ denying disability benefits. We hold that the Board erred.

The ALJ held a hearing on May 23, 1979, after petitioner applied for disability bene-

I.

Petitioner Joseph Volpe was a longshoreman employed as a holdman at the time of the onset of his heart problems. He is now sixty years old. For two years prior to his claimed injury, he had complained of chest pains and had suffered from a peptic ulcer, gall bladder problems, arteriosclerosis, and angina pectoris. On October 21, 1977, while unloading mail bags averaging more than fifty pounds each from the hold of a ship, he experienced a sharp pain in his chest and arm and began to perspire heavily. He was taken to a hospital.

He remained in the hospital for seventeen days. During the first five days, electrocardiograms showed no heart damage; his discomfort was diagnosed as angina pectoris (a heart-related ailment) and cholecystitis (inflammation of the gall bladder). On October 26, however, petitioner experienced considerably greater chest pains. It appears likely that on that day he sustained a myocardial infarction (a form of heart attack), although there is some dispute as to this. Electrocardiograms after that day showed some heart damage.

The ALJ found that petitioner had not sustained a myocardial infarction on Octo-

ber 21, 1977—a finding that petitioner does not dispute—nor any other injury on October 21. The ALJ stated that the chest pains that caused petitioner to leave work on October 21 probably were a symptom of gall bladder disease, or peptic ulcer, or, if heart-related, were a symptom of angina pain. Such pain, according to the ALJ, did not constitute an injury "per se" under the Act. The ALJ concluded that he could not detect any association between petitioner's work activity and—on one hand—the gall bladder, peptic ulcer, or angina pain which the ALJ found had caused petitioner to leave work on October 21, or—on the other hand—the infarction which petitioner may have sustained on October 26.

The Board, without expressly holding erroneous the ALJ's conclusion that petitioner had not sustained an injury on October 21, did hold that the pain which petitioner experienced that day *was* an injury. The Board stated that the ALJ "apparently" had recognized that the presumption of work-relatedness applied and had shifted the burden to the employer to show that the injury was not work-related. The Board affirmed the ALJ on the ground that the employer had successfully rebutted the presumption. We disagree.

## II.

■ In considering a claim for disability benefits under the Act, there are four stages in the resolution of the claim. First, the claimant must show that he sustained an injury.[1] *Bath Iron Works Corp. v. White*, 584 F.2d 569, 574 (1 Cir. 1978). Second, once an injury is established, a presumption arises that the injury was work-related. 33 U.S.C. § 920(a) (1976) ("Section 20 presumption").[2] Third, the employer then must present substantial evidence to rebut the work-relatedness of the injury; if

he does, the presumption disappears. *Del Vecchio v. Bowers*, 296 U.S. 280, 286 (1935). Fourth, if the presumption, which the *Del Vecchio* Court emphasized is insufficient to justify an award for a claimant without some independent evidence, is rebutted, there still must be an evaluation of whether the evidence as a whole would justify a holding for the employer. *Parsons Corp. of California v. Director, Office of Workers' Compensation Programs*, 619 F.2d 38, 41 (9 Cir. 1980).

■ The findings of an ALJ in a disability benefits case should be affirmed by the Benefits Review Board if the findings are supported by substantial evidence in the record as a whole. 33 U.S.C. § 921(b)(3) (1976). *See Potenza v. United Terminals, Inc.*, 524 F.2d 1136, 1137 (2 Cir. 1975) (per curiam). The same standard applies to review by courts of appeal. *Potenza, supra*, 524 F.2d at 1137. The Board is not permitted to supplement the ALJ's findings with its own. *Walter Tantzen, Inc. v. Shaughnessy*, 601 F.2d 670, 672 n.3 (2 Cir. 1979), *vacated on other grounds sub nom. Director, Office of Workers' Compensation Programs v. Walter Tantzen, Inc.*, 446 U.S. 905 (1980). Rather, the Board should remand the case to the ALJ for further findings. 33 U.S.C. § 921(b)(4) (1976).

■ In deciding a disability benefits case, the ALJ, the Benefits Review Board, and the reviewing courts must heed the policy underlying the Act as stated by the Supreme Court in one of the earliest cases to interpret the Act, *Baltimore & Philadelphia Steamboat Co. v. Norton*, 284 U.S. 408 (1932), where the Court observed that the Act, like others similar to it,

"operate[s] to relieve persons suffering [work-related] misfortunes of a part of the burden and to distribute it to the

---

1. An accepted definition of injury is that stated in *Furlong v. O'Hearne*, 144 F.Supp. 266, 270 (D.Md.1956), *aff'd per curiam*, 240 F.2d 958 (4 Cir. 1957), which defined the term as a "lesion or change in any part of the system [which produces] harm or pain or a lessened facility of the natural use of any body activity or capability."

2. 33 U.S.C. § 920(a) (1976) provides:
   "In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary—
   (a) That the claim comes within the provisions of this chapter."

industries and mediately to those served by them. [Such laws] are deemed to be in the public interest and should be construed liberally in furtherance of the purpose for which they were enacted and, if possible, so as to avoid incongruous or harsh results." *Id.* at 414.

In implementing this policy, "all doubtful questions of fact [are to] be resolved in favor of the injured employee." *Parsons Corp. of California, supra,* 619 F.2d at 41.

■ In the instant case, we hold that the decision and order of the Board must be vacated and the case must be remanded for further findings because the ALJ did not require the burden of proof to be shifted to the employer to show that the injury was not work-related. Instead, the ALJ focused his attention on the lack of proof of a myocardial infarction on October 21, which, according to the ALJ, meant that there was no injury as of that day. This was error. As the Board acknowledged, the pain experienced by petitioner that day *did* constitute an injury. Thus the ALJ improperly permitted the burden of proof to remain on petitioner.

The record, moreover, is too incomplete to justify the Board's attempt to affirm the ALJ notwithstanding this error. In several instances the Board's decision suggests an awareness that the ALJ's vague conclusions were not supported by sufficient findings of fact. For example, according to the Board, the ALJ "apparently concluded" that any illness sustained at work on October 21 had no relationship to petitioner's work activities; and "it appears" that the ALJ concluded that there was no association between the gall bladder problem and the heart problem on October 26.

We have held that it is inappropriate for the Board to supplement an incomplete record. "We deprecate the course followed by the BRB in supplementing the ALJ's findings with its own findings, especially on contested matters.... Except with respect to uncontested matters, the BRB is not entitled to make its own findings of fact, nor are we." *Walter Tantzen, Inc., supra,* 601 F.2d at 672 n.3.

■ Here, the ALJ did state, in the last paragraph of his decision, that the absence of any hospital records showing that petitioner sustained heart damage before October 26 established that the October 26 infarction was not work-related. He added that, even if the Section 20 presumption applied, it was successfully rebutted. We hold that this conclusion is not justified by the ALJ's findings. A further hearing is required to determine whether this conclusory holding is, or is not, supported by the evidence. As stated above, even the Board was uncertain with respect to the factual underpinning for the ALJ's vague conclusions.

■ Of critical importance, in our view, there was evidence which directly contradicts the ALJ's finding that the October 26 infarction was not work-related. We refer to the evidence that appellant had suffered from preexisting arteriosclerosis and angina pectoris *before* the October 21 incident. Although a preexisting condition does not constitute an injury, *aggravation* of a preexisting condition does. The heart problems which surfaced on and after October 26 create a strong inference that petitioner's work activities aggravated his preexisting condition to an extent which might be sufficient to allow recovery. Even Dr. Matis, the cardiologist whose testimony was relied upon by the ALJ and the Board, could not rule out angina pectoris as the cause, in part, of appellant's October 21 pain. Contrary to the ALJ's finding, therefore, it is possible that lifting mail bags aggravated petitioner's preexisting heart condition to such an extent that he suffered angina pains on October 21 and a myocardial infarction on October 26.

In making these observations, we wish to make it clear that it is the function of the ALJ—not that of the Board and not that of our Court—to make appropriate findings of fact. We do hold, however, that petitioner is entitled to have appropriate findings of fact made by the ALJ and to have conclusions of law made with a proper factual underpinning.

The petition to review is granted; the decision and order of the Benefits Review Board is vacated; and the case is remanded to the Board for further proceedings consistent with this opinion.