**Donald D. CRAWFORD, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, General Dynamics Corporation, Insurance Company of North America, Respondents.**

No. 1282, Docket 90–4149.

United States Court of Appeals, Second Circuit.

Argued March 20, 1991.

Decided May 3, 1991.

Richard D. Haviland, New London, Conn. (Rakosky, Smith, Miller & Papp, New London, Conn., of counsel), for petitioner.

Thomas P. O'Reilly, Boston, Mass. (Richard N. Curtin, Parker, Coulter, Daley & White, Boston, Mass., of counsel), for employer/Carrier General Dynamics Corp. and Ins. Co. of North America.

Joshua T. Gillelan II, U.S. Dept. of Labor, Office of the Sol., Washington, D.C. (Robert P. Davis, Sol. of Labor, Carol A. De Deo, Associate Sol., Janet R. Dunlop, Counsel for Longshore, U.S. Dept. of Labor, Washington, D.C., of counsel), for respondent Director, Office of Workers' Compensation Programs.

Before FEINBERG, MESKILL and ALTIMARI, Circuit Judges.

MESKILL, Circuit Judge:

This is a petition for review of a final order of the Benefits Review Board (BRB) affirming a determination by an administrative law judge (ALJ) denying benefits to Donald D. Crawford. The ALJ found that, although Donald Crawford exhibited signs of prolonged exposure to asbestos in the form of pleural scarring and calcification, the symptoms did not rise to the level of an impairment and thus did not constitute an injury warranting redress. The BRB determined that an injury is a condition to any entitlement and that the ALJ's finding of no injury was supported by substantial evidence.

Crawford's petition for review is granted. We vacate the orders of the BRB and ALJ and remand this action to the ALJ to determine whether, in light of *Romeike v. Kaiser Shipyards*, 22 B.R.B.S. 57 (1989) (per curiam), Crawford sustained an injury and to conduct any further proceedings deemed necessary.

## BACKGROUND

Donald Crawford was employed at the Electric Boat Division of General Dynamics Corporation (GDC) from 1952 until 1958. During the period of his employment with GDC, Crawford was regularly exposed to airborne asbestos.

Crawford began experiencing lung problems in 1976, and subsequently was diagnosed as having asthma. Crawford, a former pack and one-half per day cigarette smoker, has had episodes of difficulty since that date. In 1984, after he was examined and x-rayed, Dr. Mark Cullen told Crawford that he had pleural thickening and plaquing on his left lung and had increased interstitial markings in his lung fields. Based on these and other factors, Dr. Cullen concluded that Crawford had asbestosis.

On June 27, 1984, after learning of Dr. Cullen's diagnosis, Crawford filed a notice of claim with the Department of Labor pursuant to the Longshore and Harbor Workers' Compensation Act (the Act), *codified as amended,* 33 U.S.C. §§ 901 *et seq.,* seeking workers' compensation. In that notice Crawford noted his exposure to asbestos while employed by GDC and asserted that he had developed asbestosis, obstructive and restrictive lung disease, and asthma.

In 1985, after another examination, Dr. Cullen wrote that Crawford had two respiratory conditions, asbestosis and moderate asthma. With respect to the asbestosis, Dr. Cullen stated that Crawford suffered from mild pulmonary asbestosis with a minimal loss of lung volume and a moderate loss of diffusing capacity for carbon monoxide, indicating a 20 percent loss of both lungs.

Dr. Godar, acting on behalf of GDC and its insurance carrier, the Insurance Company of North America (INA) examined Crawford on January 24, 1987. Dr. Godar found that, in addition to chronic obstructive pulmonary disease due to smoking and chronic asthmatic bronchitis from allergies, Crawford had some degree of pleural thickening linked to limited and remote asbestos exposure which did not impair Crawford's lung functioning. Godar concluded that the x-ray showed no significant restrictive abnormality that could be ascribed to asbestosis.

A formal hearing was conducted pursuant to Section 19(c) and (d) of the Act, 33 U.S.C. §§ 919(c) and (d), on August 14, 1987 before ALJ Martin J. Dolan. Both Crawford and INA presented evidence at the hearing. The ALJ, in a Decision and Order dated August 29, 1988, determined that:

> [Crawford] has not established the existence of an work-related injury within the intent and meaning of the Act. It is clear that [Crawford] suffers from chronic obstructive pulmonary disease, however, the determinative issue herein is whether [Crawford]'s existing pulmonary condition was caused, in part, by asbestos exposure arising out of his 1952–1958 employment with General Dynamics. An examination of the medical evidence compels that such question be answered in the negative.

In that same opinion the ALJ recognized that Dr. Cullen was the only doctor who diagnosed Crawford with asbestosis. The ALJ gave greater weight to the opinion of Dr. Godar and found him to be "a well-qualified specialist board-certified in pulmonary medicine." In sum, the ALJ denied Crawford's claim.

Crawford appealed to the BRB under section 21(b)(3) of the Act, 33 U.S.C. § 921(b)(3), which states, in pertinent part:

> The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under this chapter and the extensions thereof. The Board's orders shall be based upon the hearing record. The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole.

The Board, in a brief *per curiam* Decision and Order dated June 27, 1990, affirmed the decision of the ALJ. The Board expressly found that "the decision of the ad-

ministrative law judge is supported by substantial evidence, is rational, and is in accordance with law." Crawford subsequently filed a Motion for Reconsideration En Banc on July 24, 1990, requesting the BRB to reexamine its decision in light of *Romeike v. Kaiser Shipyards*, 22 B.R.B.S. 57 (1989) (per curiam). That motion was denied in an Order dated September 21, 1990. This appeal followed.

## DISCUSSION

Our scope of review of decisions of the Benefits Review Board is limited. We will only consider whether the BRB made any errors of law and whether the ALJ's findings of fact, in light of the entire record, are supported by substantial evidence. *Whitmore v. AFIA Worldwide Ins.*, 837 F.2d 513, 515 (D.C.Cir.1988); *Kaiser Steel Corp. v. Director, Office of Workers' Compensation Programs*, 812 F.2d 518, 521 (9th Cir.1987); *Volpe v. Northeast Marine Terminals*, 671 F.2d 697, 700 (2d Cir.1982).

Reviewing the record, we find that both the BRB and ALJ were in error. The ALJ found that Crawford suffered no work-related injury, and the BRB affirmed this conclusion. In light of *Romeike*, 22 B.R.B.S. 57, we do not believe there is substantial evidence in the record to support this finding.

In *Romeike* the BRB reviewed and reversed an ALJ finding that the claimant, Romeike, did not suffer a compensable injury under the Act. *Id.* The parties in *Romeike* agreed that the claimant was exposed to asbestos fibers during his employment and that he had no impairment under the American Medical Association guidelines. The parties also agreed, however, that the claimant suffered from pleural plaques, pleural calcifications and pleural thickening due to asbestos exposure. *Id.* at 58. The BRB in *Romeike* held that a [c]laimant need not show that he has a specific illness or disease in order to establish he has suffered an injury under the Act, but need only establish some physical harm, *i.e.*, that something has gone wrong with the human frame. *Wheatley v. Adler*, 407 F.2d 307 (D.C.

Cir.1968) (en banc). In the instant case, the uncontradicted medical evidence indicates that claimant has pleural plaques. Thus, something has gone wrong within claimant's frame. Based on this evidence, therefore, we reverse the administrative law judges' finding that claimant did not sustain an injury and hold that claimant's pleural plaques constitute an injury under the Act.

*Romeike*, 22 B.R.B.S. at 59. The BRB also vacated the ALJ's finding that Romeike was not entitled to reimbursement for medical benefits in the form of periodic monitoring. The BRB stated "[t]he Act does not require that an injury be economically disabling in order for a claimant to be entitled to medical expenses, but only that the injury be work-related." *Id.* at 60; *see* 33 U.S.C. § 907.

In view of *Romeike* we must remand this action to the ALJ for reconsideration of whether Crawford sustained a work-related injury. We note that even Dr. Godar, on whose testimony the ALJ placed great weight, found evidence of both pleural thickening and calcification, two symptoms also present in *Romeike*. If the ALJ does find the existence of an injury, the ALJ will necessarily have to make findings with regard to the possibility of deterioration of Crawford's condition. After considering these factors, the ALJ then will have to determine whether any medical benefits, such as medical monitoring, or a *de minimis* award, or both, based on the analysis set forth in *LaFaille v. Benefits Rev. Bd., U.S. Dept. of Labor*, 884 F.2d 54 (2d Cir. 1989), are warranted.

GDC and INA contend that remand is improper in this action because Crawford failed to ask for medical monitoring or a *de minimis* award before the ALJ. This claim is not supported by the record. When this action was before the ALJ, Crawford consistently asked for permanent partial disability and medical benefits; the request was not more specifically defined, limited or qualified. Provision of medical monitoring would almost certainly qualify as a medical benefit under the common definition of the term, thereby falling within the original notice of claim. As for the *de minimis* award for permanent partial

disability, the ALJ can assess the permanence and degree of Crawford's injury, if any, to determine whether compensation is warranted.

GDC's and INA's attempt to distinguish *Romeike* from the instant case is unavailing. GDC and INA assert that the claimant in *Romeike*, unlike Crawford, gave up his claim of permanent partial disability and instead actively pursued only a claim for injury and relief in the form of medical monitoring. They assert that Crawford's failure to take such action distinguishes this case from *Romeike*. We are not persuaded that because Crawford did not forgo his claim of permanent partial disability, as the claimant in *Romeike* was willing to do, Crawford's position was so altered as to preclude any recovery. GDC and INA cite no case law to support their position that Crawford may not receive any benefits for what may be preliminary manifestations of the claimed injury and disability.

For the foregoing reasons the decisions of the BRB and ALJ must be vacated and this action remanded. Because we have determined that additional findings of fact are required, we remand this case to the ALJ pursuant to section 21(b)(4) of the Act, 33 U.S.C. § 921(b)(4).