104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Renford HOWELL, Petitioner,
v.
UNIVERSAL MARITIME SERVICE CORPORATION, and Director, Office
of Workers Compensation Program, United States
Department of Labor, Respondents.
 No. 93-4111.
 United States Court of Appeals, Second Circuit.
 Nov. 18, 1996.
 
 APPEARING FOR PETITIONER: David S. Udell, Legal Services for the Elderly, New York, New York.
 APPEARING FOR RESPONDENT:Celestino Tesoriero, Grainger & Tesoriero, New York, New York.
 Ben.Rev.Bd.
 AFFIRMED.
 Before FEINBERG, WALKER and CRABENS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the decision and order from the Benefits Review Board and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the Benefits Review Board is AFFIRMED.
 
 
 3
 I. Introduction.
 
 
 4
 Renford Howell appeals from an order of the Benefits Review Board (the "Board") affirming an order of an Administrative Law Judge ("ALJ") denying benefits to him under the Longshore and Harbor Workers' Compensation Act ("the Act"). 33 U.S.C. §§ 901-50. In connection with a March 31, 1987, on-the-job accident--being struck by a truck--Howell seeks benefits under two sections of the Act: first, he seeks "temporary total disability," under 33 U.S.C. § 908(b), for two separate periods during which he claims to have been medically unable to work because of injuries caused by the accident, and second, he seeks "permanent partial disability," under 33 U.S.C. § 908(c)(1)-(2), for lingering injuries to his right arm, right hip and leg, and cervical spine. On August 3, 1990, the ALJ denied recovery completely on Howell's claim for temporary total disability and awarded only a fraction of the amount he sought for permanent partial disability.
 
 
 5
 With the aid of counsel, he appealed the denial of benefits to the Board, which affirmed the decision of the ALJ by decision and order of July 29, 1992. Soon thereafter, acting pro se, Howell sought reconsideration of the Board's order, offering additional evidence in support of his claim. The Board denied the motion, by order of April 27, 1993, noting that it is limited to consideration of the record developed before the ALJ and that the only recourse for Howell was to seek modification of the ALJ's decision pursuant to 20 C.F.R. § 725.310. Howell did not take such action; rather, he sought review of the Board's underlying decision before this court.
 
 
 6
 Howell here seeks reversal of the administrative determination on the basis of several legal errors. In summary, he argues (1) that the ALJ erred in failing to abide by its duty to develop the administrative record as required under 20 C.F.R. § 702.338, (2) that the underlying decision is not supported by substantial evidence, and (3) that the ALJ misapplied the statutory presumption that on-the-job injuries are covered by and thus compensable under the Act, 33 U.S.C. § 920(a). Each of these arguments is without merit.
 
 
 7
 II. Failure to Develop the Record.
 
 
 8
 Howell's lead argument is that the Board committed reversible error in affirming the decision of the ALJ despite the ALJ's alleged failure properly to develop the administrative record as required pursuant to 20 C.F.R. § 702.338. This provision reads, in pertinent part:
 
 
 9
 The [ALJ] shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. If the [ALJ] believes that there is relevant and material evidence available which has not been presented at the hearing, he may adjourn the hearing or, at any time, prior to the filing of the compensation order, reopen the hearing for the receipt of such evidence.
 
 
 10
 20 C.F.R. § 702.338. In particular, Howell argues that the ALJ violated § 702.338 in three respects: failing to grant an adjournment to permit him to obtain additional medical records from his treating physician; failing to seek, sua sponte, the medical report of an impartial physician appointed by the Department of Labor to examine Howell; and failing to seek resolution of an ambiguity in a medical report crucial to Howell's case. For several reasons, these arguments are unavailing.
 
 
 11
 First, and most basically, Howell failed to press these arguments before the Board in his direct appeal from the decision of the ALJ. Thus, the arguments are deemed waived. See General Dynamics Corp. v. Sacchetti, 681 F.2d 37, 40 (1st Cir.1982) (finding that arguments for compensation under the Act not raised before the Board "cannot [be] acknowledge[d]" by the court of appeals on review). Moreover, assuming for the sake of argument that Howell's pro se motion for reconsideration, construed liberally, presented these issues to the Board, they are nonetheless without merit.
 
 
 12
 Section 702.338 vests an ALJ with the authority to adjourn (or reopen) a hearing in the event that relevant evidence is thought to be available. This authority, however, is by the terms of the regulation discretionary. Although an ALJ must "inquire fully into the matters at issue" in any adjudication under the Act, 20 C.F.R. § 702.338, the ALJ must also retain significant freedom to administer its considerable docket. Here, Howell's counsel sought an adjournment on the day of a scheduled hearing, indeed, after the hearing's commencement, and described the then-potentially available evidence only in the vaguest of terms. Under such circumstances, it was not error for the Board to have affirmed the ALJ's award, as the ALJ was acting well within his discretion.
 
 
 13
 Similarly, the Board did not err in affirming the ALJ's order notwithstanding the ALJ's failure to seek a report by one Alvin Larkins, M.D., an impartial medical expert, appointed pursuant to 33 U.S.C. § 907(e). Notwithstanding that at the time of the hearing the report of the impartial expert was clearly available to Howell's counsel, he did not offer it into evidence in the proceeding before the ALJ. Although, perhaps, it would have been preferable for the ALJ to have inquired independently after such a report, it certainly was not error for the ALJ to have proceeded to decision without it. This is especially so in light of Howell's counsel's representation, on questioning by the ALJ, that the evidence available on the day of the hearing was sufficient to go forward.
 
 
 14
 Finally, Howell's argument that the Board erred in affirming the decision of the ALJ in light of the ALJ's alleged error in failing to credit the medical report of one Nicholas Balsano, M.D., is without merit. It is well acknowledged to be the province of the ALJ to weigh evidence and make findings of fact. The Act requires that "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as whole." 33 U.S.C. § 921(b)(3). Thus, in this instance, the ALJ's decision to accord more weight to the reports of physicians whose conclusions were less favorable to Howell can be considered error only if his findings are unsupported by substantial evidence. We are unable to reach such a conclusion, even in the face of potentially conflicting evidence. See Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966) (finding that "possibility of drawing two inconsistent inferences from the evidence does not prevent finding from being supported by substantial evidence").
 
 
 15
 III. Substantial Evidence.
 
 
 16
 Howell also challenges the decision of the Board on the ground that the decision of the ALJ was not supported by substantial evidence. "The findings of an ALJ in a disability benefits case should be affirmed by the Benefits Review Board if the findings are supported by substantial evidence in the record as a whole. The same standard applies to review by courts of appeal." Volpe v. Northeast Marine Terminals, 671 F.2d 697, 700 (2d Cir.1982) (citations omitted). Substantial evidence has been defined as "more than a mere scintilla" of evidence; rather, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Universal Camera Corp. v. National Labor Relation Bd., 340 U.S. 474, 477 (1951) (quotations omitted).
 
 
 17
 Howell's argument on this score relies almost entirely on evidence that was not before the ALJ at the time of its disposition. In particular, Howell seeks to establish that the ALJ should not have credited the reports of Philip Schultze, M.D., which found that Howell's injuries were substantially less severe than Howell contends. To the extent that Howell's argument relies on allegedly conflicting medical evidence that is not part of the administrative record, this court is unable to address the matter. 33 U.S.C. § 921(b)(3) (the "Board's orders shall be based upon the hearing record"). Moreover, to the extent that Howell rests his argument on evidence included in the administrative record, the Board and this court will reverse only on a finding that such evidence is insubstantial. Volpe, 671 F.2d at 700. In this case, the ALJ reviewed the medical evidence in the record, including reports alleged to conflict with those of Dr. Schultze. Because it is for the ALJ to consider and weigh evidence and the ALJ has done so with some care and reached a reasonable conclusion, there is no basis for a finding that his decision is unsupported by substantial evidence. See Consolo, 383 U.S. at 620.
 
 
 18
 IV. Presumption of Causation.
 
 
 19
 Howell argues that the Board erred in affirming the decision of the ALJ in light of the judge's alleged failure to afford him the statutory presumption under the Act in favor of recovery. 33 U.S.C. § 920(a) ("In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary (a) That the claim comes within the provisions of this chapter."). In particular, he contends that the ALJ failed to presume coverage under the Act of his claim for temporary total disability arising from the aggravation of his hernia condition.
 
 
 20
 Once again, however, Howell's counsel did not press this claim before the Board. Rather, Howell's counsel strictly limited his attack on the ALJ's ruling to Howell's claim for partial permanent disability benefits, that is, injuries to Howell's arm, hip, leg and spine. In fact, in his brief before the Board, Howell's counsel stated clearly that "[t]he issue in this appeal is simple: Has the employer-respondent proffered enough reliable evidence to rebut the claimant's claim for an 11% schedule loss of the right arm, and accept merely a 1% schedule loss." Accordingly, the ALJ's ruling on the cause of Howell's abdominal injury is not properly before the court, his counsel having waived that line of argument. See General Dynamics Corp., 681 F.2d at 40.
 
 
 21
 V. Conclusion.
 
 
 22
 Finally, the court has considered each of the arguments not specifically addressed in this order and finds them to be without merit. Accordingly, the order of the Benefits Review Board is AFFIRMED.