186 F.3d 232 (2nd Cir. 1999)
 FROUWKE K. BLANDING, Widow of William G. Blanding, Petitioner,
v.
DIRECTOR, OWCP, U.S. DEPARTMENT OF LABOR, OLDAM SHIPPING COMPANY, Employer, COMMERCIAL UNION INSURANCE COMPANY, Carrier, Respondents.
 Docket No. 98-4335
August Term, 1998
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: May 14, 1999
Decided: July 30, 1999
 
 Appeal from the judgment of the United States Department of Labor Benefits Review Board issued July 28, 1998, reversing a Decision and Order on Remand of Administrative Law Judge David W. Di Nardi dated July 2, 1997, awarding petitioner death benefits pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 903(a) and 909 (1986).
 We reverse.
 Carolyn P. Kelly, Groton, CT (Matthew Shafner, Amy M. Stone, O'Brien, Shafner, Stuart, Kelly & Morris, P.C., Groton, CT, on the brief), for Petitioner.
 Scott E. Richardson, Curtin, Murphy & O'Reilly, P.C., Boston, MA for Respondents Oldam Shipping Company and Commercial Union Insurance Co.
 Andrew D. Auerbach, U.S. Dept. of Labor, Office of the Solicitor, Washington, D.C. for Respondent Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor.
 Before: PARKER, SOTOMAYOR, Circuit Judges, and WEINSTEIN, District Judge*.
 PER CURIAM:
 
 
 1
 Frouwke Blanding appeals from a judgment of the United States Department of Labor Benefits Review Board (the "Board") issued July 28, 1998, reversing a Decision and Order on Remand of Administrative Law Judge David W. Di Nardi awarding death benefits to Blanding pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 903(a) and 909 (1986).
 
 
 2
 Petitioner's husband, William Blanding, died on May 3, 1987, of mesothelioma caused by asbestos exposure which he experienced during his career as a marine engineer and naval architect. On January 24, 1992, Ms. Blanding submitted claims against two of her husband's former employers, including Respondent Oldam Shipping Company ("Oldam"), for death benefits as provided in the LHWCA. Subsequently, Administrative Law Judge ("ALJ") Di Nardi determined that Oldam is the responsible employer under the statutory liability scheme. By Decision and Order dated January 11, 1996, ALJ Di Nardi awarded Petitioner death benefits. Respondents Oldam and its insurance carrier, Commercial Union Insurance Company ("Commercial Union"), appealed the award to the Board.
 
 
 3
 The Board issued its decision on January 31, 1997, affirming the AlJ's holding that Oldam is the responsible employer, but remanding the case to the ALJ for a determination of the timeliness of the claim filed by the Petitioner and for a finding of whether Oldam had presented substantial evidence to rebut the statutory presumption that it received sufficient notice of Petitioner's claim.
 
 
 4
 By Decision and Order on Remand dated July 2, 1997, ALJ Di Nardi found that Petitioner did not become aware of the relationship between her husband's death and his employment at Oldam until June 1995 when Petitioner's medical expert issued her report. Therefore, her claim was not barred by the limitations period set forth in 33 U.S.C. § 913(a), as modified by 33 U.S.C. § 913(b)(2) for occupational disease.[1] Further, the ALJ found that Oldam and Commercial Union did not present substantial evidence to rebut the presumption under 33 U.S.C. § 920(b) that they had received adequate notice of the claim. Thus, held the ALJ, Oldam and Commercial Union were required by 33 U.S.C. § 930(a) to file a report with the U.S. Department of Labor ("DOL").[2] Since they never filed the report, the limitations period never began to run pursuant to 33 U.S.C. § 930(f) and Petitioner's claim was thus timely for this reason as well.
 
 
 5
 Oldam and Commercial Union again appealed, and this time the Board reversed the award. The Board held that the proper interpretation of 33 U.S.C. § 913(b)(2) mandates that the limitations period begins to run as soon as a claimant is aware, or should be aware, of the relationship between the employee's disease, his death, and his maritime employment, i.e., as soon as the claimant is aware, or should be aware, that the illness which caused the death was occupationally derived. According to this reasoning, because Petitioner knew at the time of her husband's death on May 3, 1987, that asbestos exposure at work caused his death, she should have filed her claim by May 3, 1989. The Board held that her claim, filed on January 24, 1992, was thus untimely.
 
 
 6
 Nor did the Board agree with the ALJ that the limitations period never began to run due to Respondents' failure to file a report with the DOL. The Board found, the ALJ's finding to the contrary notwithstanding, that Oldam and Commercial Union successfully rebutted the statutory presumption of notice by establishing that Oldam had no knowledge of its former employee's death until Petitioner filed her claim in 1992. Therefore, held the Board, Oldam's duty to file a report with the DOL did not arise until 1992, well after the limitations period had run. The Board did not address the ALJ's finding that Commercial Union's failure to file a report with the DOL tolled the statute of limitations by virtue of 33 U.S.C. § 930(f).
 
 
 7
 On appeal, Petitioner, supported by the Director of the Office of Workers' Compensation Programs ("OWCP"), argues both that the Board misinterpreted 33 U.S.C. § 913(b)(2) and that the Board made an impermissible factual finding with respect to whether Oldam and Commercial Union rebutted the presumption of notice under 33 U.S.C. § 920(b). Because we agree with the latter contention, we do not address the proper interpretation of § 913(b)(2).
 
 
 8
 This Court reviews Board decisions for errors of law and to ensure that the Board upholds the factual findings of the ALJ if they are supported by substantial evidence in the record. See Rasmussen v. General Dynamics Corp., 993 F.2d 1014, 1015-16 (2d Cir. 1993). Respondents argue primarily that the Board correctly found that Oldam's responsibility to file a report with the DOL never arose because Oldam and Commercial Union proved that they did not learn of Blanding's death until 1992, after the limitations period had already run. Accordingly, we first consider the factual question of whether Oldam and Commercial Union presented sufficient evidence to rebut the statutory presumption that they had notice of Petitioner's claim.
 
 
 9
 The LHWCA provides that "[i]n any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary-- (b) [t]hat sufficient notice of such claim has been given." 33 U.S.C. § 920(b). An employer may rebut the presumption by presenting substantial evidence that it did not have knowledge of an employee's death caused by an occupational disease. See Stevenson v. Linens of the Week, 688 F.2d 93, 98 (D.C. Cir. 1982)(substantial evidence showing that the employer did not know about a work-related injury rebuts presumption of notice).
 
 
 10
 Under the statutory framework, a claimant must give the employer notice of a work-related injury or death. 33 U.S.C. § 912(a). However, consistent with the presumption of notice, a claimant's failure to give notice does not bar a claim where the employer or its insurance carrier has knowledge of the injury or death. 33 U.S.C. § 912(d). Moreover, if the employer has knowledge of a work-related injury which causes the death of an employee, the employer is required to submit a report to the DOL within ten days of learning of the existence of the injury. See 33 U.S.C. § 930(a). If either the employer or its insurance carrier has received notice or has knowledge of such injury and fails to file the report within ten days, the limitations period set forth in § 913(a)[3] does not begin to run against the claim until the report is filed. See 33 U.S.C. § 930(f).
 
 
 11
 In the present case, ALJ Di Nardi found that Oldam and Commercial Union failed to present substantial evidence to rebut the presumption of notice. The only evidence offered by Respondents that relates to Oldam's knowledge of Blanding's death was a Form LS-207, Notice of Controversion of Right to Compensation, with which Commercial Union responded to Petitioner's claim. On that form, Commercial Union indicated that the date when Oldam learned of Blanding's death was "unknown." This response neither supports nor contradicts Respondents' position that Oldam did not know of Blanding's death until January 1992, when Petitioner filed her claim. Because this was the only evidence relied on by Respondents, the ALJ held that the Respondents had failed to rebut the presumption of notice.
 
 
 12
 In reversing this holding by ALJ Di Nardi, the Board stated only that Oldam had established that it did not know of Blanding's death until Petitioner filed her claim in 1992. The Board did not explain why it overturned the ALJ's finding to the contrary or what evidence it relied on to reach its own conclusion. The Board also failed to address Commercial Union's knowledge, or lack of knowledge, of Blanding's work-related death prior to 1992. This holding by the Board is in error. Like this Court, the Board may not make its own findings of fact, but must accept the factual findings of the ALJ if they are supported by substantial evidence in the record considered as a whole. See 33 U.S.C. § 921(b)(3); see also Volpe v. Northeast Marine Terminals, 671 F.2d 697, 700 (2d Cir. 1982).
 
 
 13
 The ALJ's finding that Oldam and Commercial Union failed to rebut the presumption of notice is supported by substantial evidence, or more accurately, the lack of substantial evidence presented by Respondents. The only evidence in the record offered by Respondents going to Oldam's knowledge of Blanding's death is the Notice of Controversion filed by Commercial Union on behalf of Oldam. The answer "unknown" to the question of when Oldam knew of Blanding's death does not indicate that Oldam lacked knowledge of the event before January 1992. As to Commercial Union, there is no evidence in the record indicating when it learned of Blanding's death. Thus, the ALJ's finding is adequately supported and should not have been overturned by the Board.
 
 
 14
 On appeal, Oldam and Commercial Union argue that there is additional evidence in the record showing that the company could not have known of its former employee's work-related death until 1992 when his widow filed her claim. Specifically, Oldam and Commercial Union refer to the fact that before his death in 1987, Blanding attempted three times to send a claim for compensation to Oldam. The Post Office returned each claim form to Blanding as undeliverable.
 
 
 15
 Under the statutory framework of the LHWCA, Oldam and Commercial Union had the burden to present substantial evidence that they did not receive notice, see 33 U.S.C. § 920(b) (adequate notice presumed in the absence of substantial evidence to the contrary), or have knowledge from any source, see 33 U.S.C. § 912(d)(lack of notice no bar to claim where employer or insurance carrier has knowledge of the injury or death), of the work-related death. It is not enough for Oldam and Commercial Union to point to Blanding's returned claim forms to demonstrate that Oldam did not receive notice of Blanding's occupational disease in that manner and to the Notice of Controversion to show that Oldam and Commercial Union do not know when Oldam learned of Blanding's death. By themselves, these documents do not constitute substantial evidence that Oldam lacked knowledge of Blanding's work-related death before 1992. Commercial Union presented no evidence, moreover, that it lacked knowledge of Blanding's work-related death prior to 1992.
 
 
 16
 Because Oldam and Commercial Union failed to meet their burden of proof, it is presumed that they had notice of Blanding's death. The ALJ held that Oldam and Commercial Union were therefore responsible under 33 U.S.C. § 930(a) to report the death to the DOL as work-related. Because they never filed the required report, the ALJ found that the limitations period set forth in 33 U.S.C. §§ 913(a) and 913(b)(2) had yet to begin to run against the claim, pursuant to 33 U.S.C. § 930(f). Respondents argue on appeal that their inability to rebut the presumption of notice set forth in § 920(b) does not trigger their duty under § 930(a) to file a report with the DOL.
 
 
 17
 Other courts that have considered the issue have suggested that the § 920(b) presumption does apply to § 930(a). See, e.g., Stark v. Washington Star Co., 833 F.2d 1025, 1028 (D.C. Cir. 1987)(noting that the § 920(b) presumption applies to "any proceeding" under "this chapter"); Avondale Shipyards, Inc. v. Vinson, 623 F.2d 1117, 1120-21 (5th Cir. 1980)(finding sufficient notice under § 912 based on § 920(b) presumption, and concluding that sufficiency of notice under § 912 "mandates . . . holding that [employee's] suit was timely filed" based on § 930(f) tolling provision). Respondents cite a single Board ruling to the contrary. See Speedy v. General Dynamics Corp., 15 BRBS 352, 355 (1983). However, we owe no deference to decisions of the Board as to the correct interpretation of the LHWCA, whereas we do defer to the reasonable interpretations of the Director of the OWCP. See Rasmussen, 993 F.2d at 1016 (Director's reasonable interpretation of the LHWCA entitled to deference over the views of the Board). In the present case, we defer to the Director's interpretation that the § 920(b) presumption does trigger the reporting requirement of § 930(a), as reasonable and not contrary to the purposes of the statute.
 
 
 18
 Therefore, we hold that Petitioner's claim is timely because Oldam and Commercial Union failed to file a report with DOL as mandated by § 930(a), and thus the limitations period was tolled under § 930(f). Accordingly, the award of death benefits set forth in the ALJ's Decision and Order on Remand dated July 2, 1997 is reinstated.
 
 
 19
 The judgment of the Benefits Review Board is REVERSED.
 
 
 
 NOTES:
 
 
 *
 The Honorable Jack B. Weinstein of the United States District Court for the Eastern District of New York, sitting by designation.
 
 
 [1]
 Section 913(a) sets forth the general limitations period for claims brought under the LHWCA:
 Except as otherwise provided in this section, the right to compensation for disability or death under this chapter shall be barred unless a claim therefore is filed within one year after the injury or death. . . . The time for filing a claim shall not begin to run until the employee or beneficiary is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury or death and the employment.
 33 U.S.C. § 913(a).
 Section 913(b)(2) merely clarifies that a two-year limitations period applies in cases involving occupational disease:
 Notwithstanding the provisions of subsection (a) of this section, a claim for compensation for death or disability due to an occupational disease which does not immediately result in such death or disability shall be timely if filed within two years after the employee or claimant becomes aware, or in the exercise of reasonable diligence or by reason of medical advice should have been aware, of the relationship between the employment, the disease, and the death or disability, or within one year of the date of the last payment of compensation, whichever is later.
 33 U.S.C. § 913(b)(2).
 
 
 [2]
 Although the ALJ held that Oldam and Commercial Union were required under § 930(a) to file a report with the DOL within ten days of learning of William Blanding's work-related death, § 930(a), by its terms, applies only to the employer. However, we need not address the relative obligations of the employer vis-a-vis its insurance carrier under § 930(a) because neither Oldam nor Commercial Union ever filed a report with the DOL regarding Blanding's death. Moreover, § 930(f) tolls the limitations period when either the employer or its insurance carrier has notice or knowledge of an employee's work-related injury or death and fails to file a report pursuant to § 930(a). It is thus proper, on the facts of this case, to refer to Oldam and Commercial Union together in deciding whether the failure to file a report with the DOL tolled the applicable limitations period.
 
 
 [3]
 Although 33 U.S.C. § 930(f) refers only to § 913(a), we read § 913(a) to encompass § 913(b)(2). The latter section merely extends the time to file a claim by a year in cases involving occupational disease as opposed to other types of work-related injury. The standard to determine when the limitations period begins to run is the same, i.e., when the claimant becomes aware or should have become aware of the relationship between the injury or death (or disease resulting in death) and the employment. See supra n.1.