48

**HOWLAND HOOK CONTAINER TERMINAL, Petitioner,**

v.

**Angelo TORNABENE and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 01–4041.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2001.

Francis M. Womack III, Field, Womack & Kawczynski, South Amboy, NJ, for Petitioner.

Philip J. Rooney, Israel, Adler, Ronca & Gucciardo, New York, NY, for Respondent Angelo Tornabene.

Howard Radzely, Acting Solicitor of Labor, Carol A. De Deo, Associate Solicitor, Mark A. Reinhalter, Senior Attorney, Andrew D. Auerbach, United States Department of Labor, Washington DC, for Director, OWCP.

Present OAKES, CARDAMONE, and POOLER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said Board be and it hereby is AFFIRMED.

Petitioner Howland Hook Container Terminal ("Howland") seeks review of an order of the United States Department of Labor Benefits Review Board (the "Board"), which affirmed an Administrative Law Judge's ("ALJ") order that found (1) Howland's former employee, Angelo Tornabene, was totally and permanently disabled and thus entitled to compensation from Howland and (2) Howland was not eligible pursuant to 33 U.S.C. § 908(f) for relief from paying compensation.

The Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901 *et. seq.*, requires employers to pay compensation to employees injured on the job in a weekly amount determined by the extent and nature of the disability. 33 U.S.C. §§ 904, 908. However, if an employee who has a preexisting permanent partial disability suffers another injury that renders him permanently and totally disabled, the employer's liability is limited to 104 weeks of payments, and a "special fund" into which all insurers and self-insureds pay is liable for the remainder. 33 U.S.C. §§ 908(f), 944.

Tornabene, a 62–year–old Italian immigrant with limited English proficiency and four or five years of education in Italy, began working as a longshoreman in 1962. Over the years, he developed severe lumbar spine and neck problems but continued

working. On July 30, 1997, a 4″ × 4″ piece of lumber struck Tornabene in the chest, causing a five or six day hospitalization.

Howland acknowledged that Tornabene was totally disabled through September 3, 1997, and paid him compensation for that period. However, Howland claimed that Tornabene had no disability after September 3, 1997. Howland also petitioned for relief pursuant to Section 908(f). The District Director of the Office of Workers' Compensation Programs (the "Director") denied Howland's application and the matter proceeded to a hearing before ALJ Robert D. Kaplan.

ALJ Kaplan found that Tornabene was totally and permanently disabled and that Howland had not met its burden of showing entitlement to Section 908(f) relief. The ALJ subsequently granted Howland's request for reconsideration but adhered to his prior decision, and the Board affirmed the ALJ's order. Howland filed a petition for review and principally argues: (1) the record lacks substantial evidence to support the ALJ's conclusion that Howland failed to prove Tornabene's disability did not result solely from the July 30, 1997, accident; (2) both the ALJ and the Board improperly required that Howland prove its case by more than a preponderance of the evidence; and (3) the Board improperly engaged in fact finding.

■■■ In order to receive Section 908(f) relief, an employer has the burden of demonstrating that "(1) the employee had a pre-existing permanent partial disability, (2) this disability was manifest to the employer prior to the subsequent injury, and (3) the subsequent injury would not have caused the claimant's total permanent disability." *Dir., Office of Workers' Comp. Program, U.S. Dept of Labor v. Gen. Dynamics Corp.*, 982 F.2d 790, 793 (2d Cir. 1992) (internal quotation marks omitted). The ALJ found that Howland proved the first two requirements but did not offer competent evidence that Tornabene would not have been rendered totally and permanently disabled by the July 30, 1997, accident alone. Howland contends that because no physician testified that the July 30, 1997, accident alone would have rendered Tornabene totally disabled, the record does not contain substantial evidence to support the ALJ's determination. This argument distorts the appropriate inquiry. The Director, who opposed Howland's application, had no obligation to produce evidence on this issue *until* Howland produced competent evidence that the July accident by itself would not have totally disabled Tornabene. At the hearing, Howland relied on the testimony of one of Tornabene's treating physicians, Dr. Pearl, that the July accident caused Tornabene's herniated discs which previously had been largely asymptomatic-to become symptomatic and that a person without Tornabene's problems "probably would have gotten over it or something" and the testimony of Howland's expert, Dr. Smith, in response to a hypothetical question that the July 30, 1997, accident would not have produced total disability. The ALJ considered the testimony of both physicians and found that the treating physician did not state unequivocally that the July 30, 1997, accident would not by itself have rendered Tornabene disabled and that Howland's expert provided no basis for his conclusion. Neither determination was erroneous. Howland's expert gave absolutely no reasons in support of his conclusion, and the treating physician did not address the crucial issue. Nor did the ALJ impose an inappropriate burden of proof on Howland; instead, he recognized that a preponderance of the evidence was the appropriate standard and held that Howland produced *no* relevant or reliable evidence to meet its burden.

Howland also contends that the Board's affirmance of the ALJ's finding of total disability was erroneous because the Board engaged in inappropriate fact finding. To establish disability, a claimant must make an initial showing that he is disabled from performing his ordinary work. *Pietrunti v. Dir. Office of Workers' Comp. Programs, U.S. Dept. of Labor,* 119 F.3d 1035, 1041 (2d Cir.1997). "The burden then shifts to the employer to demonstrate the availability of suitable alternate employment or realistic job opportunities which the claimant is capable of performing and which he could secure if he diligently tried." *Id.* Howland attempted to satisfy this burden by producing a report from a vocational expert, Sharon Levine. The ALJ rejected all of the jobs Levine identified for a variety of reasons. He rejected certain jobs that are pertinent to this appeal because Howland failed to show that they were available at the time Howland notified Tornabene of their existence. The ALJ also noted that "Levine's opinions . . . are seriously defective for an additional reason: she failed to take into consideration Claimant's limited education and his limited ability to speak and read English."

On appeal to the Board, Howland argued that the ALJ "erred by rejecting as evidence of suitable alternate employment positions as a sales representative, converter box recovery person, and airplane cleaner and ramp employee, on the basis that employer did not afford claimant an opportunity to obtain these jobs." The Board agreed but found that the ALJ's error was harmless because (1) the ALJ also credited the opinions of two physicians who found that Tornabene was completely disabled and of another physician who found that at best Tornabene could perform office work in a seated position and (2) Howland's own evidence demonstrated that all of the cited positions required ex-

ertion greater than sitting. Howland argues that this finding constituted impermissible fact finding on the Board's part. The Board may not make findings of fact on contested matters. *Volpe v. Northeast Marine Terminals,* 671 F.2d 697, 701 (2d Cir.1982). Here the Board made no new findings of fact. It simply accepted the ALJ's findings concerning Tornabene's limitations and the uncontroverted evidence that Howland offered on the physical demands of the jobs it proposed for Tornabene. Because the Board did not resolve any contested issues of fact, Howland's argument lacks merit.